CITY OF ST. ANN, a municipal corporation, Plaintiff-Respondent,

v.

Theodore SPANOS, Jr., et al., Defendants,

and

St. Louis County, Missouri, a Body Corporate and Politic, Intervenor-Defendant-Appellant.

CITY OF ST. ANN, a municipal corporation, Plaintiff-Respondent,

v.

CANYON CORPORATION, Defendant,

and

St. Louis County, Missouri, a Body Corporate and Politic, Intervenor-Defendant-Appellant.

Nos. 34540, 34539.

Missouri Court of Appeals, St. Louis District.

Jan. 9, 1973.

Motion for Rehearing or Transfer to Court En Banc or to Supreme Court Denied Feb. 13, 1973.

George F. Gunn, Jr., County Counselor, Andrew J. Minardi, Associate County Counselor, Thomas W. Wehrle, Deputy County Counselor, Clayton, for intervenor-defendant-appellant.

William R. Dorsey, Clayton, for plaintiff-respondent.

DOWD, Chief Judge.

Annexation Cases. City of St. Ann v. Spanos was instituted by filing a petition for declaratory judgment on February 5, 1971. City of St. Ann v. Canyon Corporation was instituted when a petition was filed on June 25, 1971. Both filings were pursuant to Section 71.015 [1] which requires such actions for authorization to annex.

The land sought to be annexed in the *Spanos* case involves two separate areas. Area 1, referred to in the trial as parcels 1 through 6 or as the Greenspon property is located along the west side of Adie Road west of the present city limits of St. Ann. Area 2, referred to as parcels 7 through 9, is located directly south of the city limits. The land sought to be annexed in the *Canyon* case is located west of the city and is separated from the city by the Greenspon property.

St. Louis County, Missouri was granted leave to intervene in *Spanos* on March 23, 1971 and in *Canyon* on October 4, 1971. The causes were consolidated for trial, and judgments were entered for the respondent in both causes. The County appealed.

## THE SPANOS ANNEXATION

The appellant raises a number of contentions regarding the *Spanos* annexation among which is the failure of the respondent to give proper notice to the County as is required by Section 71.880. This section provides in part as follows:

"Whenever any city, town or village located in a first class chartered county desires to annex any unincorporated land of the county, the governing body of the

---

1. All references to statutes are to RSMo 1969, V.A.M.S.

city, town or village *shall, before proceeding* as otherwise provided by law, *certify a notice of such fact* to the board of election commissioners and *to the governing body of the first class chartered* county. * * *" (Emphasis added).

There is no dispute that the St. Louis County Board of Election Commissioners received notice of the passage of St. Ann Ordinance No. 627 to annex the lands involved in *Spanos*. However, Section 71.880 also required that notice be given to the St. Louis County Council prior to the election to vote on annexation held January 19, 1971. The only evidence that such notice was attempted was the testimony of Mrs. Margaret Filla, City Clerk of St. Ann, that she thought she had sent the notice. Mrs. Lela Apperson, Chief Deputy, County Clerk's office and recording secretary of the County Council, testified that she brought the file of the Council dealing with the *Spanos* and *Canyon* annexations. That file contained a letter dated March 3, [1971] from Mrs. Filla with a certified copy of Ordinance 627. From the transcript this appears to be the only communication concerning the *Spanos* annexation which the County Council received from St. Ann. This totally failed to meet the statutory requirements in that it did not precede the election held on January 19, 1971. The respondent's brief is refreshingly candid in conceding that the evidence is weak as to proof that the notice was sent. The fact is that the record is devoid of evidence that the required notice was given. And respondent's contention that this weakness applies to appellant's evidence is of no avail. In City of Ash Grove v. Davis, Mo.App., 418 S.W.2d 194, also an action for a declaratory judgment, the court stated at p. 196:

" * * * As we review and consider the facts, we remain mindful of certain well established principles, to wit, * * * that the burden of pleading and proving the statutory prerequisites to annexation rests upon the city * * *."

We hold that the respondent failed to comply with the Section 71.880 requirement of giving notice to the County, and therefore, the annexation pursuant to St. Ann Ordinance No. 627 is null and void. St. Louis County v. City of Florissant, Mo., En Banc, 406 S.W.2d 281.

## THE CANYON ANNEXATION

As stated above, the *Canyon* property is separated from the City of St. Ann by parcels 1 through 6 of *Spanos* and makes no contact with the City. Section 79.020 provides in part:

"The mayor and board of aldermen of such city * * * shall have power to extend the limits of the city over territory *adjacent thereto* * *." (Emphasis added).

With the *Spanos* annexation null and void, the question arises as to whether the *Canyon* property is adjacent to St. Ann.

Neither party cites, nor does our research reveal, a case which defines adjacent involving an annexation. However, in State v. North Kansas City, En Banc, 360 Mo. 374, 228 S.W.2d 762, the court treated contiguous as being synonymous with adjacent, as we define adjacent in this opinion. The court, in discussing contiguity as a necessary element for annexation, held that the contiguity between the annexing city and the territory to be annexed was not broken by the Missouri River which separated the two areas. (1.c. 773). Earlier, in State ex rel. Musser v. Birch, 186 Mo. 205, 85 S.W. 361, the court noted that adjacency was required for annexation under Section 5895, RSMo 1899, which is identical to Section 79.020 as to the language "territory adjacent thereto." The court then stated that the city limits after annexation should include the annexed territory and described the city and the annexed territory as one solid tract of land. (1.c. 364). Both these cases lend support to our construction of the adjacency requirement of Section 79.020 and our holding involving the *Canyon* annexation.

It is true that adjacent has been defined in non-annexation cases as "not necessarily meaning contiguous", Hauber v. Gentry, Mo., 215 S.W.2d 754, 758, and as being "near or close at hand", Nomath Hotel Co. v. Kansas City Gas Co., 204 Mo.App. 214, 223 S.W. 975, 982. However, the precise and exact meaning of adjacent is determined principally by context in which it is used and the facts of each particular case or by the subject matter to which it applies. *Nomath Hotel Co.*, supra, p. 983.

Also, it was pointed out in City of Olivette v. Graeler, Mo., 338 S.W.2d 827, 833, that the words "territory adjacent thereto", as used in Section 77.020 and other annexation statutes, are to be given their plain and ordinary meaning unless such meaning is inconsistent with the manifest intention of the statutory provisions. Webster's Third New International Dictionary defines adjacent as follows:

> "[R]elatively *near and having nothing of the same kind intervening*: having a common border \* \* \* immediately preceding or following with nothing of the same kind intervening \* \* \* Applied to things of the same type, it indicates either side-by-side proximity or lack of anything of the same nature intervening \* \* \*." (Emphasis added).

While this and other definitions of adjacent include the word near, it is important to note that the word near is qualified by the phrase "having nothing of the same kind intervening." Thus, two buildings may be adjacent though separated by a walkway; two areas of land may be adjacent though separated by a stream or a road. But two areas of land *are not* adjacent when they are separated by a third area of land. This is the plain and ordinary meaning of adjacent and produces the most lucid and logical construction of Section 79.020.

We believe that the term adjacent in Section 79.020 clearly means that territory to be annexed must be either abutting and touching the annexing municipality or not have territory of the same kind intervening between it and the annexing municipality. To hold otherwise, i.e., that it merely means close or nearby, would permit cities to annex areas separated from the city while disregarding intervening areas and would result in a "crazy quilt" type organization of boundaries for municipalities. Annexation of territory should result in an unbroken area which can function effectively as a unit rather than in several small, unconnected areas which could have problems in providing municipal services.

Likewise, we believe that construing adjacent to mean close or nearby would result in endless controversy concerning the meaning of close or nearby.

From what has been stated above, it is clear that the *Canyon* property is not adjacent to the City of St. Ann. We hold, therefore, that the proposed annexation of the *Canyon* property failed to comply with the adjacency requirement of Section 79.020, and that the annexation, pursuant to Ordinance 641, is null and void.

Having determined that both annexations are null and void for non-compliance with the statutory requirements, it is unnecessary to discuss the other points raised.

Judgments for respondent in both causes are reversed and the causes remanded with directions to enter judgments for appellant declaring null and void the annexations attempted pursuant to Ordinances No. 627 and No. 641.

CLEMENS and McMILLIAN, JJ., concur.