CITY OF ST. PETERS, Missouri, a municipal corporation, Plaintiff-Respondent,

v.

KODNER DEVELOPMENT CORPORATION et al., Defendants,

Missouri Cities Water Company, Intervenor-Appellant.

No. 34997.

Missouri Court of Appeals, St. Louis District, Division One.

May 7, 1974.

Edwards, Seigfreid, Runge & Hodge, Inc., Mexico, for defendants-appellants.

Niedner, Moerschel, Nack & Ahlheim, Rollin J. Moerschel, St. Charles, for plaintiff-respondent.

DOWD, Chief Judge.

An annexation case. Missouri Cities Water Company (hereinafter Company) appeals from the granting of plaintiff's petition for declaratory judgment filed pursuant to the Sawyer Act, Section 71.015, RSMo 1969, V.A.M.S.

The City of St. Peter's (hereinafter City) filed an amended petition for a declaratory judgment authorizing the annexation of two parcels of land. Count I of this petition dealt with 1400 acres of land lying east of and adjacent to the City. Count II dealt with 290 acres lying south of and adjacent to the City. The two parcels were not adjacent to each other. The Company was granted permission to intervene. The court only heard Count II of the petition and authorized the annexation of the land described in Count II. The Company has appealed.[1]

■ The Company's contention we consider first is the Point entitled, "A Proper Legal Foundation Was Not Laid for Annexation." Under this Point, the Company asserts that this action was improper because the two parcels were not adjacent to each other; annexation would result in irregular city limits; and, the Resolution of the City to annex was adopted subsequent to the filing of this action contrary to the sequence required by Section 79.020, RSMo 1969, V.A.M.S. The Company has failed to cite and our research failed to uncover any adjacency requirement for annexation other than that the land sought to be annexed be adjacent to the city seeking annexation. Section 79.020; City of St. Ann v. Spanos, 490 S.W.2d 653, 656 (Mo. App.1973). It is apparent from the record that Count II was tried separately, and we have great difficulty determining what possible prejudice may have resulted from a two-count petition involving nonadjacent parcels of land. There is no prohibition of such a procedure either from legislation or

1. The judgment on Count II was a final judgment for purpose of appeal. See Rule 81.06, V.A.M.R.; Readenour v. Motors Ins. Corp., 287 S.W.2d 135 [1], (Mo.App.1956); Robb v. N. W. Electric Power Co-op., 297 S.W.2d 385 (Mo.1957).

judicial interpretation. Consequently, we must rule against the Company on this assertion.

■ One of the factors to consider in determining the reasonableness of a proposal annexation is whether it makes the city's boundaries more regular. This is not a requisite, however, and the fact that the incident proposal would not accomplish more regular boundaries does not mandate a judgment against annexation.

■ The Company's assertion of improper sequence of events is not supported by the record. The City's original petition involved only the 1400 acres and was filed February 14, 1972 pursuant to a resolution of the Board of Aldermen of the City of St. Peters approved January 18, 1972. The Board then approved a second resolution on July 11, 1972 which included both the 1400 acre parcel and the 290 acre parcel. The City filed an amended petition pursuant to the latter resolution on July 17, 1972. (There is no indication that the Company opposed this amendment). We believe the procedure followed to be proper.

■ A second Point in the Company's brief we consider is denominated, "The Annexation of Land Should Be Infrequent." While this Point falls short of the requirements of Rule 84.04(d), we have nevertheless chosen to consider the Company's arguments on the merits. The frequency of annexation, like the regularity of boundaries, is only a factor to be weighed in determining reasonableness and is not conclusive.

■ The crux of the Company's argument is that the City failed to prove that the annexation of this 290 acres was reasonable and necessary. A court hearing a Sawyer Act case does not substitute its own judgment of what is reasonable and necessary for that of the legislative body proposing the annexation. City of St. Joseph v. Hankinson, 312 S.W.2d 4, 8 (Mo.

1958). The trial court found the proposed annexation to be reasonable and necessary.

"For us to reach a different conclusion we must be able to say (1) the reasonableness of the legislative decision of the [City Board of Aldermen] is not even fairly debatable, (City of St. Joseph v. Hankinson, 312 S.W.2d 4, 7, 8 (Mo. 1958)), (2) the [Company] has carried its burden of showing that the [City] action was unreasonable, (St. Louis County v. Village of Champ, 438 S.W.2d 205, 2–5 (Mo.1969)), and (3) the judgment of the trial court was clearly erroneous (Rule 73.01(d))." St. Louis County v. Village of Peerless Park, 494 S.W.2d 673, 677 (Mo.App.1973).

■ We have thoroughly re-examined the evidence in this case and conclude that the legislative determination by the Board of Aldermen that the annexation was reasonable and necessary to the proper growth and development of the City was not arbitrary or capricious. The following evidence is supportive of this conclusion.

1. The St. Peter's area is one of rapid growth and development.

2. The direction of development is toward the south and southeast; i. e., toward the proposed annexation.

3. Most of the 290 acres is platted for residential use and it appears likely that this purpose will be achieved shortly.

We must also determine the reasonableness of the annexation as to the proposed area. City of Olivette v. Graeler, 338 S. W.2d 827 (Mo.1960). The area to be annexed would be benefited by the annexation by being provided a more detailed comprehensive plan; marginally lower fire insurance rates; lower water rates; street lighting; a dog catcher; and, the benefit of the City's subdivision laws which provide for common ground and parks. Many of the municipal services (such as trash collection and gas, electric and telephone service) would, for all intents and pur-

poses, remain unchanged regardless of the outcome of the proposed annexation. The only detriment to the area appears to be an increased property tax rate of $1.70 per $100 assessed valuation.

While the Company argues that the current police protection is inadequate, the addition of another officer and improvement of facilities planned for the near future will undoubtedly be satisfactory to meet the area's needs.

It is apparent that the question of reasonableness is fairly debatable, and the decision of the St. Peter's Board of Aldermen is, therefore, conclusive. City of Salisbury v. Nagel, 420 S.W.2d 37, 44 (Mo. App.1967). The Company has not met its burden of affirmatively establishing that the trial court erred in finding the annexation necessary and reasonable. The judgment of the trial court was not clearly erroneous.

The judgment is, therefore, affirmed.

SIMEONE and KELLY, JJ., concur.