**CITY OF FLAT RIVER,
Plaintiff-Respondent,**

v.

**David COUNTS et al., Defendants,**

**Judy Weston, Intervenor-Appellant.**

No. 40854.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 4, 1979.

---

RSMo 1969, to annex an adjacent unincorporated area in St. Francois County. The trial court entered judgment for the City. Appellant as a resident in the area sought to be annexed and an intervenor in opposition to the annexation asserts on appeal that the trial court erred in finding the annexation necessary and reasonable for the proper development of the City. Appellant Judy Weston grounds her appeal on the following factors developed at trial: (1) the population of the City has declined since 1940 without evidence that the annexation area has provided residential space for those moving; (2) there are substantial undeveloped areas within the City suitable for residential purposes; (3) approximately 40% of the area to be annexed consists of state park land unavailable to the City for its use except as a recreational area;[1] (4) the area which would be available to the City is severed from it and is serviceable only by traversing through the adjoining City of Leadington; (5) the annexation would create extraordinarily irregular boundary lines; (6) there would be no significant benefit to residents of the annexed area. The merits of appellant's argument are worthy and justify reversal of the trial court.

Our scope of review in this Sawyers Act case is to determine whether there is "substantial evidence to show that the annexation was reasonable and necessary" to the City's development. *Binger v. City of Independence*, 588 S.W.2d 481 (Mo. banc 1979). In following this guidepost we look to a variety of factors with no single factor controlling and with the case being decided on the totality of its own facts. *City of Des Peres v. Stapleton*, 524 S.W.2d 203 (Mo.App. 1975).

Before delving into a review of the evidence, we first dispose of the City's contention that appellant lacks standing to participate in the proceedings as she failed to prove that she was a property owner in the area to be annexed. The City contends that she must be a property owner to be an

William G. Reeves, Gillihan & Reeves, Farmington, for defendants.

Charles W. Medley, Dennis E. McIntosh, Medley, Alexander & McIntosh, Farmington, for plaintiff-respondent.

GUNN, Presiding Judge.

The City of Flat River instituted a declaratory judgment action pursuant to § 71.015,

---

1. The City notes that the state park became such after the annexation proceedings had commenced. But this is of no matter. Further, the donor had announced the intention to donate the property to the state prior to any proceedings.

aggrieved party entitled to participate in the proceedings. The easy answer to this contention is that not only is the City too late in its complaint raised here for the first time, *Cryts v. Ford Motor Co.*, 571 S.W.2d 683 (Mo.App.1978), but residence in the involved area is sufficient qualification of inhabitance for participation.[2] Section 71.-015, RSMo 1969; *City of St. Charles v. Schone*, 569 S.W.2d 769 (Mo.App.1978). As appellant averred in her motion to intervene that she was a resident of the area to be annexed, which was sustained without record objection by the City, she has standing to maintain this appeal.

We now launch into the dispositive merits of the case, starting first with a factual inditement. Flat River, a third class city located in St. Francois County, is the largest of eight incorporated municipalities which form the Mineral Area Urban Complex. In April, 1976, the City passed a resolution to annex 442 acres lying to its south and east and populated by 100–150 persons. The area is contiguous to both Flat River and the City of Leadington. The proposed state park land adjoins Flat River on the south, the only land available for development adjoins Leadington on the east—not Flat River—and can be served only by a route which runs entirely through Leadington. The following portrays the location of the annexation area in rough estimation:

■ To justify the annexation of the unincorporated area, it is incumbent upon the City to establish the need for additional space and its inability to meet that need without expansion. *City of Jefferson v. Smith*, 543 S.W.2d 547 (Mo.App.1976). Considering the evidence in the light most favorable to the City, there is insufficient justification for its expansion in the manner proposed. The population of Flat River declined from 5400 persons from 1940 to 4550 in 1970, although there has been a "slight increase" since 1970. A most sanguinary projection by a regional planner predicted a 36–38% population increase by the year 2000. Support for the City's case came from witnesses urging the need for expansion for residential accommodations with two specific instances of residential sites shortages cited. There was also testimony that the City was "boxed in"; that commercial development appeared to be expanding; and that the state park would attract nearly 600,000 tourists annually with concomitant commercial growth.

■ We accept that need for expansion is a critical factor in determining the necessity for annexation of property. However, the City's hopes for "projected growth and development must have basis in objective fact and cannot be based on the visions or speculation of city fathers or planners that do not have a firm evidentiary base." *City of O'Fallon v. Bethman*, 569 S.W.2d 295, 305 (Mo.App.1978). *Accord: City of Perryville v. Brewer*, 557 S.W.2d 457 (Mo.App.1977).[3]

2. *See: In re Ext. of Boundaries of Glaize Creek*, 574 S.W.2d 357 (Mo. banc 1978), in which the court held unconstitutional a statute disenfranchising nonproperty owners in extension of sewer district boundaries election. The court could find no compelling state interest to justify restricting the vote to property owners.

3. *City of Perryville*, 557 S.W.2d at 462, contains an exceptionally fine presentation of the requisite criteria to consider in determining whether an annexation is reasonable and valid.

In the absence of such an evidentiary base, we must, as we do here, deny annexation.

■ Balanced against "the hard, unvarnished and uncontroverted fact . . . that the City has lost, not gained, in population," *City of Mexico v. Hodges*, 482 S.W.2d 545, 550 (Mo.App.1972), the testimony offered by Flat River is not substantial evidence as to the need for expansion. As in the *City of Mexico*, the City offered no evidence that the loss of population was attributable to a significant movement of persons from Flat River to the area to be annexed. Also, *See*: *City of St. Joseph v. Hankinson*, 312 S.W.2d 4 (Mo.1958). Additionally, testimony at trial established that in 1972 at least 36% of the City was vacant or undeveloped and that subsequent to 1972, as a result of annexation, the City had additional undeveloped areas, land within an industrial park and 200–300 acres along the western edge of Flat River. The presence of undeveloped tracts of land does not preclude annexation, but it is a factor which must be considered, especially as the City failed to offer a satisfactory explanation as to the unsuitability for urban development of the large tracts of vacant land. *City of Bourbon v. Miller*, 420 S.W.2d 296 (Mo. banc 1967). Furthermore, to offset the "boxed in" testimony, there was substantial evidence that there were undeveloped unincorporated areas to the east, west and north of the City, contiguous through a more regular boundary line. Here, the City's evidence of a purported need for expansion is not compelling, much the same as in *City of Bourbon*.

■ The City argues that it has an interest in the proper development of the state park and its anticipated commercial fringe; that it could bring its zoning regulations to bear in an unregulated area. And, indeed, orderly planning and development of adjacent boundaries is a salutary factor for consideration, but it cannot by itself justify annexation. *City of Odessa v. Carroll*, 512 S.W.2d 862 (Mo.App.1974); *City of Butler v. Bock*, 492 S.W.2d 160 (Mo.App. 1973). Of course, the City concedes that it would have no right to utilization of the state park property comprising nearly 40% of the total land area sought..

■ Although our finding that the City failed to produce substantial evidence of the need for expansion is sufficient basis to deny annexation, we shall review the evidence as it relates to the reasonableness of its decision to annex. Had the City proved the need to expand, which we hold it did not, the decision to annex the particular land would, in any event, be unreasonable. An annexation decision is reasonable when the land to be annexed is so situated as to be adaptable to urban purposes and convenient to a reasonable exercise of city government. *City of O'Fallon*, 569 S.W.2d at 301.

■ In this case about 40% of the land to be annexed is owned by the State of Missouri and to be developed into a state park. Annexation of public lands is permissible. *Howard v. Commissioners of Sinking Fund of City of Louisville*, 344 U.S. 624, 73 S.Ct. 465, 97 L.Ed. 617 (1953); *Binger; Kansas City v. Querry*, 511 S.W.2d 790 (Mo. 1974). However, the state park area would be unavailable for urban development.

■ Further, the fact that the state park and Leadington sever the area which would be suitable for development from the core of Flat River exacerbates an already highly irregular municipal boundary. *City of St. Peters v. Kodner Development Corp.*, 525 S.W.2d 97, 100 (Mo.App.1977), expresses that "[j]udicial concern with irregular boundaries is bottomed upon desire that the municipality function 'effectively as a unit rather than in several small unconnected areas . . . ' ", quoting from *City of St. Ann v. Spanos*, 490 S.W.2d 653, 656 (Mo. App.1973). Here, the severance of the area which would be amenable for development from Flat River by the state park. and Leadington creates undesirable fragmentation. While irregular boundaries will not alone serve to destroy an annexation, *City of O'Fallon; Smith v. City of St. Charles*, 552 S.W.2d 60 (Mo.App.1977), the distortion of the boundary here weighs heavily against reasonableness. *City of Mexico v. Hodges*, 482 S.W.2d at 547–548.

451

Finally, we note that the residents of the area to be annexed would receive no additional significant benefits. The City already provides water service to the populated portion of the area to be annexed. The area has both police and fire protection. Other Flat River municipal services, such as the sports complex, swimming pool, senior citizens center and library, are available to non-residents at a nominal fee.

After consideration of all the relevant factors, we find that the City failed to produce substantial evidence as to the necessity and reasonableness of the proposed annexation. The decision of the City Council to annex the area was not fairly debatable in its favor.

Judgment reversed.

STEPHAN and PUDLOWSKI, JJ., concur.