STATE ex rel. CITY OF KAHOKA, a
Municipal Corp., Relator,

v.

Hon. E. Richard WEBBER, Judge of the
First Judicial Circuit of Missouri,
Respondent.

No. 43343.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 9, 1981.

J. Patrick Wheeler, Canton, Ralph Breid-
enstein, Kahoka, for relator.

J. William Holliday, Kahoka, Jerome Seig-
freid, Louis Leonatti, Mexico, for respon-
dent.

SMITH, Judge.

This matter is before us following our issuance of an alternative writ of mandamus requiring the respondent to dismiss the underlying lawsuit (*City of Kahoka v. Bradley et al*) or to proceed to trial thereon or to show cause why he should not do one or the other. That lawsuit was a declaratory judgment action by the City of Kahoka seeking authorization pursuant to Sec. 71.-015, RSMo 1978 to annex certain land as a part of the city. The resolution of annexation was adopted by the Board of Aldermen of the City on August 14, 1978. The petition for declaratory judgment was filed on March 26, 1979, and trial thereon was set for August 1980. On May 13, 1980, Senate Substitute for House Bill 1110 was approved by the Governor and pursuant to an emergency clause therein became effective. That bill, among other provisions, repealed Sec. 71.015, RSMo 1978, and enacted in lieu thereof an extensively revised procedure for annexations such as that sought by the City of Kahoka. Respondent, following motion of the defendants in the underlying case, indicated its intention to continue the cause and refuse to hear it further until Kahoka had complied with all terms of S.S.H.B. 1110. Our alternative writ followed.

S.S.H.B. 1110 provides for substantial changes in annexation procedures obviously designed to afford greater protection to the residents of areas proposed for annexation. We will attempt to summarize briefly the provisions of that bill which add to or change the prior procedures. The new bill requires that the city determine that the area to be annexed is contiguous to the existing city limits and that the contiguous boundary is at least fifteen percent of the total perimeter of the area to be annexed. There is no comparable provision of old 71.015. The city shall propose an ordinance setting forth (1) the area to be annexed and that it complies with the fifteen percent requirement, (2) that the annexation is reasonable and necessary for the development of the city, (3) that the city has developed a "plan of intent" to provide services to the annexed area, (4) that a public hearing will be held, and (5) when the annexation will be effective (no more than three years "from the date of any election held in conjunction thereto"). The prior law required only a resolution of annexation and did not specify the contents of that resolution. A public hearing shall be held on the proposed ordinance after notice to fee owners of record in the area to be annexed. At the hearing the city shall present the "Plan of Intent" and evidence to support it including (1) a list of services presently furnished by the city, (2) a time schedule for providing services to the annexed area within three years of the effective date of annexation, (3) the assessment level and tax rate of the city, (4) proposals for zoning the annexed area, (5) the date the annexation will be effective. There were no comparable provisions in the old law.

Subdivision (5) which is critical to the case before us is set forth in full in the margin.[1] Basically it provides that if the ordinance is passed after the public hearing then a declaratory judgment action brought as a class action shall be filed by the city praying for authorization of the annexation. The petition shall state facts showing:

---

1. (5) Following the hearing, should the governing body of the city, town, or village vote favorably by ordinance to annex the area then before proceeding as otherwise authorized by law or charter for annexation of unincorporated areas, file an action in the circuit court of the county in which such unincorporated area is situated under the provisions of chapter 527, RSMo, praying for a declaratory judgment authorizing such annexation. The petition in such action shall state facts showing:

(a) The area to be annexed and its conformity with the condition precedent referred to in subdivision (1) of this section;

(b) That such annexation is reasonable and necessary to the proper development of the city, town, or village; and

(c) The ability of the city, town or village to furnish normal municipal services of the city, town, or village to the unincorporated area within a reasonable time not to exceed three years after the annexation is to become effective.

Such action shall be a class action against the inhabitants of such unincorporated area under the provisions of section 507.070, RSMo.

(1) The area to be annexed and its conformity to the 15% contiguous boundary requirement. The comparable paragraph of the former act required only that the petition state the "area to be annexed."

(2) That the annexation is reasonable and necessary for development of the city. This is the same as the comparable paragraph of the former act.

(3) The ability of the city to provide municipal services to the annexed area within a reasonable time, not exceeding three years after the effective date of the annexation. The comparable paragraph of the former law was the same except for the establishment of three years as a reasonable time.

The remaining sections of S.S.H.B. 1110 provide for elections if the court authorizes the annexation and for de-annexation if the city fails to comply with the plan of intent as to services and zoning within the three year reasonable time. The election provision requires a majority in favor in both the city and in the to-be-annexed area, and upon failure of that election in the to-be-annexed area, a two-third favorable vote in the total area at a subsequent election.

The final section of new Sec. 71.015 provides:

"(8) No city, town or village which has filed an action under this section as this section read prior to May 13, 1980, which action is part of an annexation proceeding pending on May 13, 1980, shall be required to comply with subdivision (5) of this section in regard to such annexation proceeding."

The declaratory judgment action of Kahoka for annexation had been filed prior to May 13, 1980, under the prior law and was pending on the effective date of S.S.H.B. 1110. Section 8 therefore applies to that suit. It is respondent's position that subdivision 8 means only that the petition for declaratory judgment remains pending but that the city must comply with all procedures mandated by prior sections. This requires essentially that the city begin the entire annexation process anew. Relator,

on the opposite extreme, contends that subdivision 8 mandates that annexations which had progressed to the point of filing a declaratory judgment suit prior to May 13, 1980, are exempted from any requirements of the new law and may proceed to fruition under the former section.

Both parties discuss at length the various cases dealing with prospective vis-a-vis retrospective application of statutes and court opinions. Other than noting that the courts of this state have had little enthusiasm for applying changes in the annexation laws as prospective only (*Julian v. Mayor, Councilmen and Citizens*, 391 S.W.2d 864 (Mo.1965); *Julian v. City of Liberty*, 427 S.W.2d 300 (Mo.App.1968); *City of Kirkwood v. Allen*, 399 S.W.2d 30 (Mo. banc 1966)), we find little in the cited cases which is helpful here. In this case we deal with a specific legislative statement concerning the relationship between the old and new law, and it is this statement which we must interpret. For much the same reason we find no help in Secs. 1.170 and 1.180 RSMo 1978. Sec. 1.170 applies to acts done or rights established in a proceeding prior to the repeal of the statute. No rights were established or acts done in the underlying proceeding prior to the appeal other than the filing of the action itself. Sec. 1.180 provides that the repeal shall not effect actions then pending except that all proceedings shall be governed by the procedure in effect after the repeal "insofar as they are applicable." That quoted phrase requires us to consider the applicability of subdivision 8 to the underlying suit. Nor is Art. I, Sec. 13, Mo. Constitution, of concern for it does not preclude the state from passing laws which retrospectively waive or impair its own rights or those of its subdivisions. *State ex rel. Meyer v. Cobb*, 467 S.W.2d 854 (Mo. 1971) [2].

Our obligation is to determine the meaning of subdivision 8 from the language utilized and to give it such meaning as was intended by the legislature. If taken literally subdivision 8 would appear to obviate the need for any declaratory judgment proceeding in a pending annexation. We do not find that such literal interpretation is

justified. It is not reasonable to conclude that subdivision 8 was intended to eliminate entirely a judicial proceeding mandated by both the old and new laws when, and only because, a judicial proceeding has already been instituted. Further, subdivision 6 to which (8) makes no reference specifically prescribes that the continuation and consummation of the annexation is contingent on a judicial authorization. We conclude, therefore, that (8) refers not to the necessity of a judicial proceeding, but to the conditions precedent which must be met prior to instituting such a proceeding.

In this regard we find it necessary to examine the numbered sections which precede subdivision (5) to which (8) relates. Although interspersed indiscriminately the provisions deal with two different concepts. One group places limitations upon the power or authority of the city to annex at all (which for purposes of this discussion we will consider as substantive limitations). The second group prescribes procedural steps which the city must take to obtain annexing authority. In the first category are the provisions mandating contiguousness and the amount of contiguousness required, the level of services which must be provided, and the time within which that must be done. This group constitutes the conditions which must be met before an annexation is authorized. Into the second category falls the requirements for drafting a "plan of intent" to meet the services requirement, a public hearing, notice of hearing, evidence to be presented at the public hearing, timing of the annexation, and proposal and passage of an ordinance. This group constitutes the procedural conditions precedent to the filing of a declaratory judgment action to obtain judicial authorization to annex under the new law.

■ It is a reasonable interpretation of subdivision 8 to conclude that that section obviates the necessity of pleading and proving the new procedural steps which were not required prior to filing a declaratory judgment action under the old law. It is also reasonable to conclude that subdivision 8 was not intended to obviate proof of the necessary substantive facts required under the new law to authorize annexation.

An examination of the provisions of subdivision 5 support these conclusions. That section closely parallels the prior law adding to the requirements of that law only the contiguousness requirement and the time limitation for providing services. Subdivision 5 does not require pleading and proving the procedural steps leading up to the filing of the declaratory judgment action; it simply makes compliance with those steps a condition precedent to filing the suit. Subdivision 8 therefore exempts compliance with those conditions precedent and permits the action for declaratory judgment to proceed without a requirement that the city recommence the entire annexation procedure. It does not, however, exempt the city from establishing those items listed in (a), (b) and (c) of subdivision 5 in order to obtain an authorization to annex. Those items were under the old law and continue, as expanded under the new law, as the substantive base for annexation. Whether the court requires amendment of the petition to include allegations of compliance with additions to the substantive provisions or allows the case to proceed upon the original petition and treats the new substantive elements as a necessary proof under the original petition is a matter of discretion for the trial court.

We believe this construction of the statute is the most reasonable interpretation of the legislative intent. If the general assembly had meant to exempt the entire proceeding from the new law as relator contends, it could have simply said so. Attaching to the bill an emergency clause reflects instead the legislative intent to immediately afford the substantive protections of the new law to areas facing annexation. Subsection 8 does not by its language provide a city which has a declaratory judgment petition for annexation pending on the effective date of the new law with an exemption from the provisions of subdivisions 6 (approval by the electorate) and 7 (de-annexation) of the new law. The latter paragraph requires the providing of

services and zoning within a specified time. That is a substantive mandate and the ability to provide such services within that time must be established as a part of the declaratory judgment proceeding. To hold that the substantive provisions which condition the authority of the city to annex are not applicable in the underlying case would fly in the face of the action of the General Assembly in making those provisions immediately applicable and in failing to exclude them from the operation of subdivision 8.

On the other hand, if the legislative intent was to require the city to begin the annexation procedure anew, then subdivision 8 is essentially meaningless for it would leave pending a statutory suit having no statutory authority for existence. Again if that was intended it could have been easily expressed.

In short, we find the intent of the General Assembly to have been to permit the continuation of annexation proceedings properly filed prior to May 13, 1980, but to require the city to establish the substantive elements required under the new law to obtain authorization to annex. No contention is made that the petition for declaratory judgment was not properly filed under the law as it existed prior to May 13, 1980.

The alternative writ is made mandatory with directions to respondent to proceed with the declaratory judgment action in conformity with this opinion.

SATZ, P. J., and SIMON, J., concur.