FILED 57
AIRPORTS: Land separated from an existing CONDEMNATION: airport by a public road or EMINENT DOMAIN: highway and located in the same county as the county which created the airport authority is "adjacent to the existing airport" as that phrase is used in Section 305.307.2, RSMo 1986.
The Honorable Norman L. Merrell Senator, District 18 State Capitol Building, Room 423 Jefferson City, Missouri 65101
Dear Senator Merrell:
This opinion is in response to your question asking:
 May the term "adjacent to the existing airport" be interpreted broadly enough to include land on both sides of Route 16 for construction of the Lewis County Airport?
Your office has informed us that the Lewis County Airport Authority is considering the acquisition of land on which to construct an airport. Your question pertains to the airport authority's exercise of the power of eminent domain once they have an existing airport.
The airport authority was established pursuant to the provisions of Sections 305.300 to 305.333, RSMo 1986. The airport authority's power of eminent domain is set forth in Section 305.307, RSMo 1986. When that section was originally enacted in 1985 (Laws of Missouri, 1985, S.B. Nos. 145 and 166, Section 3, pp. 742, 744-745), subsection 3 denied the power of eminent domain to the airport authority:
 "3. Nothing contained in this act shall be construed to grant power to the county or the authority to acquire land by condemnation."
Section 305.307 was amended in 1986 (Laws of Missouri, 1986, S.B. 550, pp. 835, 836-837) to delete subsection 3 and to change subsection 2 to provide the airport authority with the power to condemn land in certain circumstances. Such subsection now provides in part:
 "2. The authority may exercise any of the following governmental powers, including the power of eminent domain within the county which created the authority, and all other powers necessary, incidental, convenient or desirable to carry out and effectuate the express powers. The power of eminent domain may be exercised only in the acquisition of lands adjacent to the existing airport. . . ."
With respect to the construction of statutes granting the power of eminent domain, the Missouri Supreme Court has stated:
 "Statutes granting the right of eminent domain are to be strictly construed. The rule is well settled in this state. The right is not to be implied or inferred from vague or doubtful language but must be clearly given in express terms or by necessary implication. . . . In applying the rule, statutes granting the power to take private property for public use are strictly construed against those who seek to avail themselves of the benefit of such statutes and the power is not to be extended beyond the plain provisions of the statute relied upon. . . . On the other hand, `while eminent domain statutes are to be strictly construed so far as the power to condemn is concerned, yet they are not to be construed so as to defeat the evident purpose of the Legislature.' State ex rel. Siegel v. Grimm, 314 Mo. 242, 284 S.W. 490, 493; 29 C.J.S., Eminent Domain, Section 22, p. 806. Further, the doctrine of strict construction does not exclude a reasonable and sound construction of the statute under consideration. . . ." [Citations omitted.] State ex rel. Missouri Water Company v. Bostian, 365 Mo. 228, 280 S.W.2d 663, 666 (banc 1955).
Applying these principles to Section 305.307.2, we conclude that the authority to exercise the power of eminent domain is limited by the location of the sought after land. The land to be condemned must be within Lewis County and must be "adjacent to" the existing airport. Thus we come to the question of whether land on the other side of the highway from the airport comes within the description "adjacent to the existing airport". Since there is no existing airport or specific proposed site yet, we will assume that the land to be condemned is opposite the airport; that is, it would be contiguous or touching some part of the airport boundaries if it were not for the highway running between them.
The word "adjacent" has been interpreted by Missouri courts in a variety of contexts but not in regard to Section 305.307 or any other statute describing the scope of an entity's power to condemn land. The precise meaning of "adjacent" must be determined principally by the context in which it is used and in light of the facts of each particular case or by the subject matter to which it applies. It must be given its plain and ordinary meaning unless that meaning is inconsistent with the manifest intention of the statutory provision. City of St. Annv. Spanos, 490 S.W.2d 653, 656 (Mo.App. 1973). When the term "adjacent" was used in jury instructions concerning a dispute over the ownership of accreted land, one Missouri court held that it did not necessarily mean contiguous but could include lands which lie close to each other but whose boundaries do not necessarily touch. Hauber v. Gentry, 215 S.W.2d 754, 758 (Mo. 1948).
When used in the context of a statute describing what land could be annexed by a municipal corporation, Section 79.020, RSMo 1969 (". . . shall have power to extend the limits of the city over territory adjacent thereto . . . ."), the Missouri Court of Appeals held that the term adjacent would be construed more narrowly because of the need to have annexation result in unbroken areas which can function effectively as a unit rather than in several small unconnected areas which could have problems in providing municipal services. City of St. Ann v.Spanos, supra, at 656. Although the City of St. Ann case did not involve land separated by a road but rather separated by unannexed private property, the court's opinion indicated that the term adjacent, even when construed narrowly, would not preclude land on the other side of a road from being considered within the meaning of that term in relation to the annexing municipality.
 "Webster's Third New International Dictionary defines adjacent as follows:
 `[R]elatively near and having nothing of the same kind intervening: having a common border * * * immediately preceding or following with nothing of the same kind intervening * * * Applied to things of the same type, it indicates either side-by-side proximity or lack of anything of the same nature intervening * * *.' (Emphasis added.)
 While this and other definitions of adjacent include the word near, it is important to note that the word near is qualified by the phrase `having nothing of the same kind intervening.' Thus, two buildings may be adjacent though separated by a walkway; two areas of land may be adjacent though separated by a stream or a road. But two areas of land are not adjacent when they are separated by a third area of land. This is the plain and ordinary meaning of adjacent and produces the most lucid and logical construction of Section 79.020.
 "We believe that the term adjacent in Section 79.020 clearly means that territory to be annexed must be either abutting and touching the annexing municipality or not have territory of the same kind intervening between it and the annexing municipality." [Emphasis in original opinion.] City of St. Ann v. Spanos, supra at 656.
Based on the authorities cited above, we conclude that land on the other side of the highway opposite the airport is "adjacent" to the airport. The two areas of land are separated only by the highway running between them.
CONCLUSION
It is the opinion of this office that land separated from an existing airport by a public road or highway and located in the same county as the county which created the airport authority is "adjacent to the existing airport" as that phrase is used in Section 305.307.2, RSMo 1986.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General