**William MARTEE, Plaintiff–Appellant,**

v.

**CITY OF KENNETT, Defendant–Respondent.**

**No. 16393.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 16, 1990.

John E. Counts, L. Joe Scott, Daniel T. Moore, Poplar Bluff, for plaintiff-appellant.

Stephen P. Sokoloff, Sharp and Sokoloff, Kennett, for defendant-respondent.

MAUS, Judge.

By his petition for a declaratory judgment the plaintiff, a nonconsenting owner of a peninsula or an enclave in an area surrounded by consenting owners, seeks to establish that Ordinance 2040, annexing the surrounding area to the City of Kennett, adopted pursuant to § 71.012, is invalid. Upon the basis of the petition, as explained by a stipulation, the trial court found the plaintiff had no standing to contest the validity of the annexing ordinance. It dismissed the action. The plaintiff, nonconsenting owner appeals.

The petition is not well drafted. By reference, it incorporates an attached protest alleged to be an objection made as provided in § 71.012.2(3). It also attaches and incorporates by reference Ordinance 2040. Unfortunately, the boundaries of the pre-existing city limits of Kennett and annexed area are not shown by a map. They are discernable only by inference from the ordinance declaring that seven tracts, principally described by metes and bounds, are annexed to the corporate limits.

The briefs are not helpful. The appellant makes the misleading assertion "the Plaintiff at all times pertinent to this action owned a parcel of real estate which is completely surrounded by property annexed pursuant to Kennett, Missouri Ordinance 2040". A study of the intricate descriptions establishes that the plaintiff's tract is bounded on the west by a highway. In a similar vein, the brief of the respondent asserts facts not contained in the record such as "The legal description for tract number 7 (L.F. 8) was a result of combining the descriptions for the several tracts in the various petitions and simplifying the description by rendering it in terms of a partial quarter—quarter section listing the parcels not included as exceptions." No petitions for annexation are a part of the record. The ordinance merely refers to "Petitions". It does not state the number of petitions or refer to the description of the real property described in each petition.[1] Such irregularities and deficiencies make it difficult to determine if the petition, measured by the appropriate standards, states a cause of action. In making that determination, this court is bound by the following standards.

"In reviewing the trial court's dismissal of plaintiffs' petition for failure to state a claim upon which relief can be granted, the sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to plaintiffs, the aver-

---

1. This opinion should not be construed as approving the use of multiple petitions to describe and annex a contiguous and compact unincorporated area under § 71.012. "We note, that one petition is what the statute calls for." *St. Louis County v. Village of Peerless Park,* 726 S.W.2d 405, 408 (Mo.App.1987).

ments invoke principles of substantive law entitling plaintiffs to relief." *Lowrey v. Horvath*, 689 S.W.2d 625, 626 (Mo. banc 1985).

"If such facts and such inferences, viewed most favorably from plaintiff's standpoint, show any ground for relief, the petition should not be dismissed. A petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ray v. Dunn*, 753 S.W.2d 652, 654 (Mo.App.1988).

Following those guidelines, a distillation of the facts alleged in the petition and its incorporated attachments is as follows. An undisclosed number of petitions for annexation under § 71.012 were presented to the City of Kennett. Following an unspecified public notice, the city council of the City of Kennett held "a public hearing on the said annexation petitions". The plaintiff, within the time prescribed by § 71.012.2(3), filed a written objection to the proposed annexation signed by two qualified voters. Nonetheless, the city council passed Ordinance 2040.

The preamble to that ordinance recites that petitions requesting annexation, signed by owners of all fee interests, had been presented to the city council; notice was given and a public hearing held; and "no sufficient written objections" were filed within the time provided by § 71.012. The first paragraph of the ordinance made the determinations called for by § 71.012.2(2). The second paragraph ordained "[t]hat the following described property is hereby annexed into the corporate limits of the City of Kennett, Missouri, and that the corporate limits thereof are hereby extended to include the following described realty...." There followed the separate descriptions of seven tracts. Six of those descriptions were in terms of lots and blocks or metes and bounds. The remaining description was in the terms of quarter-quarter sections. The first two tracts were in Section 2, Township 18 North, Range 9 East. The third tract was in Sections 3 and 34, Township 19 North, Range 9 East. Tract number four was in Section 31, Township 19 North, Range 10 East. Tracts five, six and seven were in Section 30, Township 19, Range 10 East.

Tract No. 7 was described as follows. "That part of the Northwest Quarter (NW ¼) of the Northwest Quarter (NW ¼) of Section 30, Township 19 North, Range 10 East, Dunklin County, Missouri, lying east of the centerline of new State route 25, LESS AND EXCEPT...." There follows three exceptions described by metes and bounds. The first metes and bounds exception is the tract owned by plaintiff. It is an irregularly shaped rectangle located approximately 100 feet north of the south line of said Northwest Quarter—Northwest Quarter. It fronts 154 feet north and south on the east side of Highway 25, with an east-west depth of 388 feet. It is bounded on three sides by property annexed by Ordinance 2040. It is bounded on the west by Highway 25.

In presenting the respondent's motion to dismiss to the trial court, the parties stipulated: "[T]hat plaintiff neither lives or [sic] owns property that is within the legal description of the land annexed and that his land was not annexed pursuant to said ordinance." The trial court then concluded that since the plaintiff was not a resident of the City of Kennett and did not own any and/or reside in the lands annexed pursuant to said ordinance, he had no standing to complain and the action was dismissed.

There are two methods by which a city such as Kennett may annex unincorporated areas. The first is an "involuntary annexation" pursuant to § 71.015. See *State ex inf. Nesslage v. Lake St. Louis*, 718 S.W.2d 214 (Mo.App.1986). In general, the procedure is a class action to establish the propriety of the proposed annexation. If judicial approval is obtained, the proposed annexation is subject to elections prescribed by that section. See *City of Perryville v. Brewer*, 557 S.W.2d 457 (Mo.App.1977).

The second method is a "voluntary annexation" pursuant to the procedure prescribed by § 71.012. See *State ex inf. Nesslage v. Lake St. Louis, supra*. That section was first adopted in 1976. It has been

subject to several amendments. That section in effect at the time of the annexation in question read as follows:

"1. Notwithstanding the provisions of sections 71.015 and 71.860 to 71.920, the governing body of any city, town, or village may annex unincorporated areas which are contiguous and compact to the existing corporate limits of the city, town, or village as provided in this section.

2. (1) When a verified petition, requesting annexation and signed by the owners of all fee interests of record in all tracts of real property located within the area proposed to be annexed, is presented to the governing body of the city, town, or village, the governing body shall hold a public hearing concerning the matter not less than fourteen nor more than sixty days after the petition is received, and the hearing shall be held not less than seven days after notice of the hearing is published in newspapers of general circulation qualified to publish legal matters.

(2) At the public hearing any interested person, corporation or political subdivision may present evidence regarding the proposed annexation. If, after holding the hearing, the governing body of the city, town, or village determines that the annexation is reasonable and necessary to the proper development of the city, town, or village, and the city, town, or village has the ability to furnish normal municipal services to the area to be annexed within a reasonable time, it may, subject to the provisions of subdivision (3) of this subsection, annex the territory by ordinance without further action.

(3) If a written objection to the proposed annexation is filed with the governing body of the city, town, or village not later than fourteen days after the public hearing by at least two percent of the qualified voters of the city, town, or village or at least eight qualified voters of the city, town, or village, whichever is the lesser of the two figures, or two qualified voters of the area sought to be annexed if the same contains two qualified voters, the provisions of sections 71.015 and 71.860 to 71.920, shall be followed.

3. If no objection is filed, the city, town, or village shall extend its limits by ordinance to include such territory, specifying with accuracy the new boundary lines to which the city's, town's, or village's limits are extended. Upon duly enacting such annexation ordinance, the city, town, or village shall cause three certified copies of the same to be filed with the clerk of the county wherein the city, town, or village is located, whereupon the annexation shall be complete and final and thereafter all courts of this state shall take judicial notice of the limits of that city, town, or village as so extended."

■ This section has received but little construction. The city cites as authority *St. Louis County v. Village of Peerless Park*, 726 S.W.2d 405 (Mo.App.1987). That case is not controlling. It holds that a county can present evidence at a hearing held pursuant to § 71.012.2(2) but is not a "qualified voter" and cannot file an effective protest under § 71.012.2(3). Whether or not the plaintiff was a qualified voter or resident of the area to be annexed is not determinative. The petition alleges an objection was filed by two other qualified voters of the area to be annexed. That allegation must be accepted as true. That being so, the statute mandates that "the provisions of sections 71.015 and 71.860 to 71.920, *shall* be followed." § 71.012.2(3). (Emphasis added.) The City did not follow that mandate.

If the City had followed § 71.012.2(3), the City could have annexed the area surrounding the plaintiff's property only after the judicial approval and elections prescribed by § 71.015. If not otherwise adequately represented, the property owners in the area to be annexed could intervene in the action to establish that judicial approval. *State ex rel. Aubuchon v. Jones*, 389 S.W.2d 854 (Mo.App.1965); *Horseshoe Bend Property Owners v. Camden Cty. Com'n*, 748 S.W.2d 848 (Mo.App.1988). The basic issue in an action under § 71.015 is the reasonableness of the annexation.

*City of Flat River v. Counts,* 596 S.W.2d 446 (Mo.App.1979). Among the factors bearing upon that issue is the propriety of the boundaries of the area to be annexed. *City of Flat River v. Counts, supra; City of St. Peters v. Kodner Development Corp.,* 509 S.W.2d 788 (Mo.App.1974).

Further, such an owner can assert his influence in the elections required by § 71.015. *City of Town & Country v. St. Louis County,* 657 S.W.2d 598 (Mo. banc 1983).

■ The plaintiff contends the annexation does not comply with § 71.012. That section, as originally enacted, authorized the annexation of "unincorporated areas which are contiguous to the existing corporate limits…." Even under this limitation, the term "contiguous" prescribed limitations upon the boundaries of the area subject to annexation under that section. See *State ex inf. Taylor v. North Kansas City,* 360 Mo. 374, 228 S.W.2d 762 (banc 1950). No Missouri case categorically declares that the creation of an unincorporated enclave was prohibited by the requirement of contiguity. However, the cases do announce the following guidelines for determining if a proposed annexation was reasonable.

"One of the factors to consider in determining the reasonableness of a proposal annexation is whether it makes the city's boundaries more regular." *City of St. Peters v. Kodner Development Corp., supra* at 790.

"[T]he city limits after annexation should include the annexed territory and describe[ ] the city and the annexed territory as one solid tract of land." *City of St. Ann v. Spanos,* 490 S.W.2d 653, 655 (Mo.App.1973).

See Annot: What Land is Contiguous or Adjacent to Municipality so as to be Subject to Annexation, 49 A.L.R.3d 589, § 17 (1973). The creation of such enclaves has been condemned in the following terms.

"The result of this would tend to create islands of unincorporated areas within a city and the archipelagic monstrosity thus created would thwart the rendition of essential city services and would not be in the public interest.

… Should we uphold their contention the result would be the creation of an 85 acre island or enclave, completely surrounded by the City of Kingsport. The area thus omitted would be within, but not a part of a city. Absent the most compelling considerations, such a situation would be intolerable and an annexation that produced such a result would not meet the test of reasonableness." *City of Kingsport v. State, Etc.,* 562 S.W.2d 808, 814 (Tenn.1978).

Also see *City of Sunrise v. Broward County,* 473 So.2d 1387 (Fla.App. 4 Dist. 1985).

In 1986, § 71.012 was amended to limit the voluntary method of annexation to "contiguous *and compact*" unincorporated areas. (Emphasis added.) The term "compact" was added by that amendment. The addition of the requirement of "compact" must be regarded as significant. *State ex rel. Missouri State Board v. Southworth,* 704 S.W.2d 219 (Mo. banc 1986), 59 A.L.R. 4th 915 (1988). The term "compact" as so used is not defined by statute. " 'The statute does not define the word village, so that it should be given its ordinary and usual meaning….' " *State ex inf. Eagleton v. Champ,* 393 S.W.2d 516, 524 (Mo. banc 1965). That definition is: "having parts or units closely packed or joined". Webster's New Collegiate Dictionary 228 (1977).

It is apparent that if the plaintiff owned property in the area purportedly annexed pursuant to § 71.012, he would have standing to complain of the City's failure to follow the precepts of § 71.015. *Horseshoe Bend Property Owners v. Camden Cty. Com'n, supra.* The essence of the plaintiff's complaint is that the boundaries of the area purportedly annexed were improperly "gerrymandered" to attempt to deny him standing as an owner to complain that area was not subject to voluntary annexation under § 71.012.

The fact the plaintiff does not own property in or reside in the area the ordinance purports to annex, does not establish the

plaintiff has no standing to complain of the failure of the City to follow the requirements of § 71.012. The general rule concerning "standing" has received the following expressions.

"The party seeking relief must demonstrate that he has a specific and legally cognizable interest in the subject matter of the administrative action and that he has been directly and substantially affected thereby." *Metro Auto Auction v. Director of Revenue*, 707 S.W.2d 397, 400 (Mo. banc 1986).

"To enjoy status to sue on a cause of action implied by the policy of a statute, however, the suitor must be a member of the class for whose especial benefit the statute was enacted." *State ex inf. Ashcroft v. Kansas City Firefighters Local 42*, 672 S.W.2d 99, 110 (Mo.App.1984).

■ Even though the plaintiff's property was not purportedly annexed, he has an interest in the action of the City in enveloping his property within its corporate limits. The result alters the status of his property in respect to a possible future annexation. Moreover, the policy of the statute is obviously to permit voluntary annexation only upon consent of all fee owners in a contiguous and compact area. The statute was adopted for the benefit of the property owners in a *contiguous and compact unincorporated area.*

If Ordinance 2040 annexed an area which, by excluding the property of the plaintiff, was not "compact", it is subject to attack. *State ex rel. City of Perryville v. Pickle*, 564 S.W.2d 905 (Mo. banc 1978); *St. Louis County v. City of Florissant*, 406 S.W.2d 281 (Mo. banc 1966). By his petition, the plaintiff attempted to present that issue and attack the ordinance. He was entitled to do so. The judgment of dismissal is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

FLANIGAN, P.J., and HOGAN, J., concur.