**CITY OF LEBANON, MISSOURI,
a Municipal Corporation,
Plaintiff–Respondent,**

v.

**Jerry RICHARDSON, et al., Defendants,**

**and**

**Debra True Trust, Bob Van Stavern,
Trustee, Defendant–Appellant.**

No. 19600.

Missouri Court of Appeals,
Southern District,
Division Two.

March 9, 1995.

---

Gary L. Smith, Smith & Jackson, Lebanon, for defendant-appellant.

David E. Wilhite, Donnelly, Baldwin and Wilhite, P.C., Lebanon, for plaintiff-respondent.

GARRISON, Presiding Judge.

The Debra True Trust (Appellant), one of the owners of land sought to be annexed by the City of Lebanon, Missouri (the City),[1] appeals from a declaratory judgment entered pursuant to § 71.015.[2] The judgment in question determined that the City was authorized to hold an election on the issue of whether the annexation should be approved. We affirm.

In a court-tried case such as this, the judgment is to be affirmed unless it is not supported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *State ex inf. Nesslage v. City of Lake St. Louis*, 718 S.W.2d 214, 215 (Mo.App.E.D.1986).

On this appeal, Appellant does not contest the reasonableness or necessity of the annexation, but rather seeks reversal on procedural grounds. Appellant's first point is directed to the City's alleged failure to comply with § 71.015.1(4) by failing to demonstrate that a public hearing had been held which met the requirements of that statute.

Section 71.015.1 provides that, if an objection is made to a proposed annexation, the city shall: (1) determine that the land to be annexed is contiguous to the existing city and that the length of the contiguous boundary is at least fifteen percent of the length of the perimeter of the area proposed for annexation; (2) propose an ordinance reciting, among other things, that the City has developed a "Plan of Intent" to provide services to the area proposed to be annexed and providing that a public hearing be held prior to the adoption of the ordinance; and (3) fix a date for a public hearing on the ordinance and

---

1. Lebanon is a third class city in Laclede County.

2. All references to statutes are to RSMo Supp. 1993.

make good faith efforts to notify owners of the areas to be annexed. Section 71.015.1(4) provides:

> (4) At the hearing referred to in subdivision (3), the city ... shall present the "Plan of Intent" and evidence in support thereof to include:
>
> (a) A list of major services presently provided by the city ... including, but not limited to, police and fire protection, water and sewer systems, street maintenance, parks and recreation, refuse collection, etc.;
>
> (b) A proposed time schedule whereby the city ... plans to provide such services to the residents of the proposed area to be annexed within three years from the date the annexation is to become effective;
>
> (c) The level at which the city ... assesses property and the rate at which it taxes that property;
>
> (d) How the city ... proposes to zone the area to be annexed;
>
> (e) When the proposed annexation shall become effective.

After the hearing, if the governing body of the city votes to annex the area, then it must file an action for a declaratory judgment seeking an authorization for such annexation. § 71.015.1(5).

In the instant case, Appellant concedes that §§ 71.015.1(1)–(3) were complied with but contends that the judgment should be reversed because the City failed to present any competent evidence regarding "the nature or extent of the presentation at the public hearing and compliance with the provisions of Section 71.015.1(4)." This contention is not supported by the record.

Exhibit C, introduced at trial without objection, was Ordinance No. 3509 adopted on July 12, 1993 which stated, among other things, that the City had developed a "plan of intent" to provide services to the area proposed to be annexed and that "a public hearing shall be held on the 23rd day of August, 1993" prior to adoption of an annexation ordi-

nance. Exhibit GG, also introduced at trial without objection, was titled "City of Lebanon's 'Plan Of Intent' To Provide Major Services To The Proposed Areas To Be Annexed" and contained a listing of municipal services together with a time schedule for providing those services to the areas proposed for annexation. On August 23, 1993, the City adopted Ordinance No. 3517, introduced without objection as Exhibit B, which authorized the filing of the declaratory judgment action in issue here and which included the following:

> Section 3: That a public hearing was held on the 23rd day of August, 1993, after the fee owners of record within the area proposed to be annexed had been notified pursuant to the terms of Section 71.015(3) [sic].... At said hearing a plan of intent and evidence in support thereof was presented which evidence included a list of the major services presently provided by the City of Lebanon, including but not limited to: [listing those matters contained in § 71.015.1(4)(a)–(e) ].

Appellant raised no issue in the trial court with regard to the sufficiency of the showing concerning compliance with the provisions of § 71.015.1(4). The trial court found, in entering the declaratory judgment, that all conditions set out in § 71.015 had been complied with. Assuming, without deciding, that proof of the matters referred to in § 71.015.1(4) was required in the declaratory judgment suit,[3] there was evidence from which the trial court could have made that finding. We are, therefore, unable to find, under the standard of review by which we are bound, that the trial court erred as alleged by Appellant in point one. This point is, therefore, denied.

In the second point, Appellant argues that the trial court erred in entering the declaratory judgment because the City failed to hold a new public hearing after reducing the area proposed to be annexed. After the hearing required by § 71.015.1(4) on August 23, 1993, the City, on the same date, passed Ordinance No. 3517 by which it declared the proposed

---

**3.** Appellant cites *Martee v. City of Kennett*, 784 S.W.2d 621 (Mo.App.S.D.1990), for the proposition that the provisions of § 71.015 are mandatory. *State ex rel. City of Kahoka v. Webber*, 618 S.W.2d 267, 270 (Mo.App.E.D.1981), states, however, that § 71.015.1(5) does not require pleading or proving all the procedural steps leading up to the filing of the declaratory judgment suit.

annexation to be reasonable and necessary and authorized the filing of a declaratory judgment suit as contemplated by § 71.015.1(5). On September 1, 1993 this suit was filed seeking authority to proceed with annexation of the proposed area. On March 28, 1994, however, the City passed a Resolution deleting two tracts from the annexation proposal, and two days later, on the first day of trial, amended its petition, without objection, by deleting the same two tracts.

■ Appellant argues that the failure of the City to hold a new public hearing after deletion of the two tracts requires a reversal, but acknowledges finding no authority in support of that contention. Nevertheless, Appellant contends that failure to provide another hearing after the area proposed for annexation was reduced precluded those whose land was excluded from providing input relating to the impact of that change. We note, however, that Appellant apparently did not own land which was excluded by the amendment, Appellant does not purport to have suffered any prejudice as a result of it, and there is no evidence that any of the owners of the excluded areas objected to the amendment. In this regard we also note that, although the suit was filed as a class action, Appellant was not named as a defendant representing the interests of other members of the class, but was joined pursuant to its "Motion For Leave To Intervene" which stated that "Movants' interests are separate and distinct from other members of the class." As a result, Appellant cannot be viewed as acting in any representative capacity in behalf of others.

Appellant also argues, without supporting authority, that residents of the existing city could have an interest concerning which adjoining areas are actually annexed and therefore should be provided a hearing after the deletion of some of those areas. There is no indication in this record, however, that Appellant has such an interest or is representing the interests of others who do. Additionally, we note that § 71.015.1(3) contains specific provisions for notice of such hearings to the fee owners and residents of the area proposed for annexation, but contains no specific provision concerning notice to individual residents of the city. *See City of St. Peters v. Shop N' Save*, 710 S.W.2d 409, 414 (Mo. App.E.D.1986).

There is no indication that Appellant failed to receive notice of the hearing, did not have an opportunity to provide input concerning the annexation of its land, or that its position on the annexation was changed in any way by the deletion of the two tracts. We are unable to find any demonstrable prejudice to Appellant by the failure to hold a second public hearing after the proposed annexation area was decreased. *See City of St. Peters v. Shop N' Save*, 710 S.W.2d at 414 (indicating that the existence of prejudice is important in addressing an alleged violation of § 71.015).

■ In the instant case, there was no evidence that decreasing the area to be annexed by deleting the areas in question would affect the reasonableness or necessity of the annexation. The deletion did not affect the City's compliance with § 71.015.1(1) requiring that the land proposed for annexation be contiguous to the existing city limits and the length of the contiguous boundary be at least fifteen percent of the length of the perimeter of the area proposed for annexation. Additionally, Appellant's brief contains an admission that the City met its burden of proof on the issue of whether it could provide the required services to the annexed area within three years.

Appellant treats the failure to hold a second hearing as a procedural defect and seeks to engraft on § 71.015 a requirement not imposed by the legislature. There is nothing in § 71.015 lending itself to the interpretation urged by Appellant under the circumstances of this particular case. It is appropriate to consider the legislature's silence in adopting statutory provisions dealing with annexation. *See City of Town & Country v. St. Louis County*, 657 S.W.2d 598, 607 (Mo. banc 1983). We are unable to conclude that the trial court erred as argued by Appellant and, therefore, deny the second point.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.