STATE of Missouri ex rel. CITY OF
PERRYVILLE et al., Relators,

v.

Billy PICKLE et al., Purported Trustees of
the purported Village of Shakertowne,
and purported Village of Shakertowne,
Missouri, Respondents.

No. 60283.

Supreme Court of Missouri,
En Banc.

April 24, 1978.

David Beeson, Fred J. Gerhard, Jackson,
for relators.

Kim Moore, Perryville, for respondents.

BARDGETT, Judge.

This is an original proceeding[1] on rela-
tors' information in the nature of quo war-
ranto by which relators seek an adjudica-
tion by this court that the incorporation of
Village of Shakertowne by order of the

---

1. The writer does not agree that this court
should have entertained this as an original pro-
ceeding but believes the cause should have
been filed in the circuit court originally, but

Circuit Court of Perry County, Missouri, was a nullity because the county court lacked jurisdiction to enter the order.

The relators are the neighboring City of Perryville, a fourth-class city, a resident of Shakertowne who signed the original petition for incorporation, residents and property owners of the originally incorporated Village of Shakertowne, and residents of that part of the subdivision of Shakertowne which was not included in the original incorporation but was subsequently annexed by the Village of Shakertowne. Respondents are the trustees of the Village of Shakertowne.

Relators presented the matter to the attorney general of Missouri, who, after reviewing it, has approved the use of the state's name in this cause in order to resolve certain questions as to the legality of the incorporation of the Village of Shakertowne and the claims of right, franchise and privileges by respondents-trustees, all of which he believes have significant public policy implications of statewide concern.

As will be seen infra, the principal problem involved in the incorporation of the Village of Shakertowne arose because of sec. 72.130, RSMo Supp.1975,[2] which prohibits the incorporation of any city, town, or village within two miles of any city of the first, second, third, or fourth class or any constitutional charter city within a certain class of county without certain preliminary steps being taken. The chronology of events is important to an understanding of the case.

The City of Perryville is a city of the fourth class and is the county seat of Perry County, a county of the third class.

In 1972 the subdivision of Shakertowne was subdivided and platted. It lies to the south of Perryville. As of December 1976, the subdivision included an area of 43 acres. On December 7, 1976, the subdivision consisted of 90 vacant home-building lots, 55 residences, and a number of streets.

In June and August 1976, the residents of Shakertowne subdivision met to consider incorporation of the area and thereafter Michael Sutterer, the subdivision developer, and Francis Toohey, his attorney, approached the city council of Perryville to informally obtain that city's views on the proposed incorporation. The city council did not issue a formal or informal statement at that time but did request an attorney general's opinion on procedures under sec. 72.130. As of that time, 80% of Shakertowne subdivision was within two miles of the closest Perryville city limits. The southernmost 20% or so of the subdivision was over two miles from the then city limits of Perryville. The legal maneuvering by Perryville to prevent the incorporation and by certain residents of Shakertowne subdivision to incorporate then began.

On November 18, 1976, the Perryville Board of Aldermen, pursuant to sec. 71.012, RSMo Supp.1976, adopted a resolution to annex property owned by the Perry County School District No. 32 to Perryville. This property was on the south edge of Perryville, and if and when annexed it would bring the entire Shakertowne subdivision

discretion having been exercised to entertain the cause, I will not pursue the matter any further.

2. "No city, town, village or other area shall be organized within any county of the first class not having a charter form of government, or within any county of the second, third or fourth class within this state under and by virtue of any law thereof, adjacent to or within two miles of the limits of any city of the first, second, third or fourth class or any constitutional charter city, unless the city, town, village or other area be in a different county from the city, except that a city, town, village or other

area may be incorporated within the two mile area if a petition signed by a number of qualified electors equal to fifteen percent of the votes cast in the last gubernatorial election in the area proposed to be incorporated is presented to the existing city requesting that the boundaries of the existing city be extended to include the area proposed to be incorporated and if action taken thereon by the existing city is unfavorable to the petition, or if no action is taken by the existing city on the petition, then the city, town, village or other area may be incorporated after the expiration of one year from the date of the petition and upon a favorable majority vote at the required election."

within two miles of Perryville and thereby make the whole subdivision subject to sec. 72.130. The annexation resolution was appropriately published and a public hearing was held on December 2, 1976.

On December 7, 1976, pursuant to a petition filed in the Perry County Court by the incorporators of the Village of Shakertowne, and after a hearing, the county court issued its order incorporating the Village of Shakertowne. The area incorporated was that portion of Shakertowne subdivision which lay outside the two-mile radius of Perryville as it existed at that time (prior to effective date of school property annexation) and consisted of 11 residences and a number of building lots. It included 21 property owners and a population of 34 residents. The northern boundary line of the new village cut through two or three lots. The reason for not including the entire Shakertowne subdivision in the original incorporation was because the remainder of the subdivision was within two miles of Perryville and therefore subject to the provisions of sec. 72.130.

On December 9, 1976, the Board of Aldermen of Perryville passed an ordinance which finally annexed the school district property to the south side of Perryville as mentioned supra.

On December 30, 1976, Perryville filed a petition with the County Court of Perry County requesting a hearing on the incorporation of the Village of Shakertowne. On January 11, 1977, the county court heard arguments of the Perryville city administrator, the city attorney, and a member of the Southeast Missouri Regional Planning Commission against the incorporation of Village of Shakertowne, and thereafter ordered: "After due consideration the Court ordered that the Incorporation of the Village of Shakertowne stand as is." On January 18, 1977, Perryville appealed to the Circuit Court of Perry County the county court's order of December 7, 1976, incorporating the Village of Shakertowne. On April 20, 1977, the circuit court dismissed the city and one Don Barks as parties to the appeal for lack of standing and then dismissed the petition for review as untimely filed. No appeal was taken from the circuit court's dismissal orders.

Meanwhile, on March 28, 1977, the Village filed a petition to extend its boundaries in Perry County Court pursuant to sec. 80.020, RSMo 1969. The extension of boundaries extended the Village north toward Perryville and took in the area of the subdivision of Shakertowne which had not been included in the original incorporation because it was within the two-mile radius of Perryville. On April 2, 5, and 12, 1977, notice of hearing on the proposed extension of boundaries of Shakertowne was published, and on April 18, 1977, the county court held a public hearing on the matter. The extension of boundaries was approved on May 3, 1977, by the county court. By this extension, the Village of Shakertowne was enlarged to include the entire subdivision of Shakertowne which consisted of 156 people, 53 residences, two apartment houses, and one store.

The law respecting quo warranto and that writ's application in efforts to oust officials from town or village offices on the ground that the original order of incorporation was void has been set forth a number of times and therefore does not need to be repeated here. See *State on inf. Eagleton v. Champ*, 393 S.W.2d 516 (Mo. banc 1965).

Relators' first point is: "The alleged incorporation of the Village of Shakertowne by the Perry County Court was void on its face and a nullity in that said incorporation did not comply with section 80.020 RSMo 1969, because the area incorporated did not constitute a 'village' or 'town' within the meaning of the statute, for the reason that the area incorporated did not constitute a 'village' the County Court was without jurisdiction to incorporate the same. On this basis the trustees of the village should be ousted from office and the incorporation declared a nullity."

There is little question but what the entire Shakertowne subdivision comprised an area of sufficient population density and compactness so as to constitute a "village", but that is not what was incorporated.

■ There is also little question but what the sliver of Shakertowne subdivision which was outside the two-mile limit, and which was the subject of the original petition for incorporation, and was incorporated by the county court order, did not constitute a "village". The definitions of "town" or "village" are rather illusive and imprecise. See *State on inf. v. Champ, supra*, at 524. There are a number of towns and villages, incorporated and unincorporated, in Missouri with populations of less than 50 people. See Official Manual of Missouri, 1977–1978, pp. 1231–1240, and the Official Highway Map of Missouri 1978. Therefore, the mere fact that the part of Shakertowne subdivision which was originally incorporated had only 34 residents is not controlling. In the context of this case, however, the small sliver that was shaved off the remaining subdivision and incorporated simply does not meet any reasonable definitions of "town" or "village". See *State v. Perkins*, 360 S.W.2d 555 (Tex.Civ.App.1962), (reversed on other grounds, 367 S.W.2d 140 (Tex.1963)), where it was held that the Texas statute would not authorize the creation of a municipal corporation out of a portion of territory which comprised an unincorporated town, but rather the whole must be included. In *Perkins* the court said the boundaries were drawn by Mr. Perkins to substantially exclude a portion of the natural town so as to prohibit the residents thereof from voting on the incorporation. The court also held at 558: "It [the evidence] shows that there were no natural barriers separating the chosen and rejected portions and that no fact exists which constituted a legal justification for such arbitrary division of the existing inhabited community."

While in our case it is clear that the intent and purpose of those undertaking to incorporate Shakertowne was to incorporate the entire Shakertowne subdivision and not to exclude any portion thereof, nevertheless, this could not be legally done at the time of the initial incorporation in view of the fact that most of Shakertowne was within two miles of Perryville. Thus, it was a legal barrier which caused the boundary to be drawn at the two-mile mark, to wit, sec. 72.130, and not a natural barrier nor some other fact which would constitute a legal justification for so doing.

■ The enactment of sec. 72.130 by our general assembly was obviously for the purpose of at least slowing down the rate of incorporations of small municipalities lying very close to existing cities of designated classes. The statute does not permanently prohibit such incorporations but does require certain steps to be taken with reference to the existing city in order that, if it is municipal services and other truly municipal benefits that are desired, they can be obtained through the existing city. And, if the existing city will not annex the area, then after only one year, and upon certain conditions being met, the incorporation may proceed. That this may be frustrating to developers and delay or forestall their efforts to incorporate a subdivision was probably intended. The fact that individuals living in subdivisions (villages) in unincorporated areas may also be somewhat frustrated or delayed in satisfying their desires to "have a town of their own" must be tolerated in view of the public policy of the state as set forth by the legislature in sec. 72.130 which has the overall public purpose of encouraging an orderly municipal growth and expansion by discouraging a patchwork pattern of small municipalities, few of which can or will provide municipal services to the residents.

■ It is perfectly plain in this case that the sliver of territory cut from the Shakertowne subdivision was not a "town" or "village" and it is obvious that the incorporation of that sliver took place in order to avoid or evade the procedures required by sec. 72.130. The application of laches to the relators would not be appropriate here because of the brief existence of Shakertowne and the lack of any significant municipal action during its existence.

■ The County Court of Perry County did not have the jurisdiction to order the incorporation of the small sliver of territory which was the subject of the original incor-

poration because (1) it did not constitute a "town" or "village" by any definition, *and* (2) as such it (the incorporation) constituted a blatant subterfuge to avoid and evade the provisions of sec. 72.130.

It is ordered that the order of the County Court of Perry County of the incorporation of the Village of Shakertowne, Missouri, is hereby declared void and is set aside. The respondents-trustees are ousted from the position of trustees and from exercising any authority pursuant to the order of the Perry County Court incorporating the Village of Shakertowne or the order extending the boundaries of Shakertowne or pursuant to the purported municipal status of the Village of Shakertowne or any other order or appointment made pursuant to the purported incorporation of the Village of Shakertowne.

All of the Judges concur.