**396**

Keith W. Hazelwood, St. Charles, for appellant.

James Allan Borchers, St. Charles, for respondent.

KELLY, Presiding Judge.

Appellants Daniel T. and Christine M. Sheehan challenge the defeat of their proposed incorporation as the Village of Independence Trails pursuant to the trial court's granting of respondent Village of Weldon Spring's motion for summary judgment. The judgment is affirmed.

Appellants, following the initial denial on September 25, 1984, by the St. Charles County Court of their petition to incorporate an area as the Village of Independence Trails pursuant to § 72.080 RSMo 1978, filed an appeal in the Circuit Court of St. Charles County pursuant to § 49.230 RSMo 1978 (since amended). Section 49.230 RSMo 1978 provided for appeals of decisions of county courts to circuit courts and required that the circuit court hear and determine the case in the manner provided by § 536.140 RSMo 1978, the statute which delineates the scope of review of the trial court in appeals from decisions of administrative agencies.

Following the appeal to the Circuit Court of St. Charles County by the Sheehans, the Village of Weldon Spring, recently incorporated by order of the St. Charles County Court on November 8, 1984, requested to intervene in the pending circuit court cause. Included within Weldon Spring's boundaries were portions of the area sought to be incorporated as the Village of Independence Trails. Therefore, Weldon Spring asserted a direct and immediate interest in the action involving the attempted incorporation of Independence Trails, entitling Weldon Spring to intervene. The Trustees of the Village of Weldon Spring were granted permission to intervene in the action on December 21, 1984. The decision permitting Weldon Spring the right to intervene in the St. Charles Circuit Court action was proper and is not challenged on this appeal.

Weldon Spring subsequently filed its motion for summary judgment to defeat the proposed incorporation of Independence

Trails, citing § 72.130 RSMo 1978 as a prohibition against the incorporation of a town or a village within two miles of the limits of any city of the first, second, third or fourth class.[1] A hearing established that the proposed boundaries of the Village of Independence Trails are within two miles of the municipal limits of the City of St. Peters, a fourth class city. The trial court granted Weldon Spring's motion for summary judgment, thereby prohibiting the proposed incorporation of the Village of Independence Trails.

Appellants raise only one point on appeal. They claim that the trial court erred in granting Weldon Spring's motion for summary judgment to defeat the proposed incorporation of the Village of Independence Trails because Weldon Spring does not have "standing" to raise the claims of St. Peters, a third party, to support its motion.

Appellants state that any application of § 72.130 RSMo 1978 restricting the incorporation of a new municipality within two miles of an already existing municipality absent its consent can be asserted only by the already existing municipality. That the City of St. Peters is within two miles of the proposed limits for the Village of Independence Trails is not disputed. However, appellants assert only the City of St. Peters, and not the Village of Weldon Spring, may challenge the proposed incorporation for failure to meet the two mile restriction of § 72.130 RSMo 1978. Appellants conclude that the acquiescence of the already existing municipality to incorporation of a new municipality within two miles of its boundaries excuses the application of § 72.130 RSMo 1978.

Respondent Weldon Spring replies that the trial court's statutory authority to order incorporation of a proposed municipality requires that the court first find the prerequisites of § 72.130 RSMo 1978 have been satisfied. Respondent contends that, absent such a finding, the court lacks jurisdiction to order incorporation. Weldon Spring, although an intervenor in the action, states that it has the full rights of any party litigant, and can raise any legal requirement for incorporation which has not been met, including § 72.130 RSMo 1978, the two mile geographical limits of another municipality, here the City of St. Peters, to defeat the power of the trial court to order incorporation of the proposed Village of Independence Trails.

We agree with respondent. Appellants' contention that respondent has no standing to assert § 72.130 RSMo 1978 to bar the incorporation is without merit. Appellants overlook that our review is of the St. Charles County Court's initial action and not merely the judgment of the St. Charles Circuit Court. *Incorporation of Maryland Heights v. Von Romer*, 687 S.W.2d 600, 601 [1] (Mo.App.1985). When a governing body such as the St. Charles County Court is presented with a Chapter 72 incorporation proposal, "the function of the governing body is *to determine the legality of the proposed incorporation* before declaring an election." (emphasis added). *Incorporation of Maryland Heights v. Von Romer*, 687 S.W.2d at 601 (quoting *State ex rel. Boone v. Jackson County*, 541 S.W.2d 312, 315 [8] (Mo.App.1976)). Had Weldon Spring never intervened to assert that the proposed incorporation violated § 72.130 RSMo 1978 in the circuit court proceeding, the St. Charles County Court

---

1. Section 72.130 RSMo 1978 provides:

No city, town, village or other area shall be organized within any county of the first class not having a charter form of government, or within any county of the second, third or fourth class within this state under and by virtue of any law thereof, adjacent to or within two miles of the limits of any city of the first, second, third or fourth class or any constitutional charter city, unless the city, town, village or other area be in a different county from the city, except that a city, town, village or other area may be incorporated within the two-mile area if

a petition signed by a number of voters equal to fifteen percent of the votes cast in the last gubernatorial election in the area proposed to be incorporated is presented to the existing city requesting that the boundaries of the existing city be extended to include the area proposed to be incorporated and if action taken thereon by the existing city is unfavorable to the petition, or if no action is taken by the existing city on the petition, then the city, town, village or other area may be incorporated after the expiration of one year from the date of the petition and upon a favorable majority vote on the question.

still had the obligation to consider the import of § 72.130 RSMo 1978 in its initial decision whether to submit the proposed incorporation of the Village of Independence Trails to the voters.

We have before us, as did the trial court, the transcript of the proceedings when the petition for incorporation was presented to the St. Charles County Court. That record reflects the area sought to be incorporated is five tracts of land consisting of about two hundred sixty-five acres. Sheehan Building Corporation and Collier Building Corporation are the record owners of the five tracts. Only two residences, one of which belongs to appellants, are situated on the entire acreage of farmland. The two owners had earlier sought rezoning of the five tracts for a proposed development of the acreage; however, when their rezoning efforts were defeated, this incorporation petition was filed. We make no comment on the owners' actions to accomplish by incorporation what they had been denied by enforcement of land use controls.

At this same hearing, attention was called to the St. Charles County Court officials that the requirements of § 72.130 RSMo 1978 were unsatisfied because the boundaries of the proposed village of Independence Trails impinged upon the limits of St. Peters. The plat of the proposed village was before the officials. No evidence was presented to rebut that the boundaries of St. Peters were not infringed. Further, no evidence was shown that St. Peters had been requested that it extend its boundaries to include the area sought to be incorporated.

Nothing in § 72.130 RSMo 1978 suggests only the existing city is entitled to challenge the proposed incorporation. We are firmly guided by our supreme court in *State ex rel. City of Perryville v. Pickle*, 564 S.W.2d 905 (Mo. banc 1978), which held that "[t]he enactment of § 72.130 by our general assembly was obviously for the purpose of at least slowing down the rate of incorporations of small municipalities lying very close to existing cities of designated classes." 564 S.W.2d at 908 [2].

The statute does not permanently prohibit such incorporations but does require certain steps to be taken with reference to the existing city in order that, if it is municipal services and other truly municipal benefits that are desired, they can be obtained through the existing city. *Id.* And, if the existing city will not annex the area, then after only one year, and upon certain conditions being met, the incorporation may proceed. *Id.* That this may be frustrating to developers and delay or forestall their efforts to incorporate a subdivision was probably intended. *Id.* That individuals living in subdivisions (villages) in unincorporated areas may also be somewhat frustrated or delayed in satisfying their desires to "have a town of their own" must be tolerated in view of the public policy of the state as set forth by the legislature in § 72.130 which has the overall public purpose of encouraging an orderly municipal growth and expansion by discouraging a patchwork pattern of small municipalities, few of which can or will provide municipal services to the residents. *Id.*

Appellants state that the legislature enacted § 72.130 RSMo 1978 as a device solely for an established municipality to protect itself from incorporation of small municipalities lying very close to its boundaries. However, "the overall public purpose of encouraging an orderly municipal growth and expansion by discouraging a patchwork pattern of small municipalities" expressed in *State ex rel. City of Perryville*, 564 S.W.2d at 908, reflects a broader scope than the intent ascribed by appellants. The problems engendered by defensive incorporation and fragmentation concern the community at large. Once the Village of Weldon Spring intervened in the action, nothing in the statute suggests only St. Peters had the right to assert § 72.130 to thwart the proposed incorporation.

Based on the shortcomings in the record before it, the St. Charles County Court was authorized to deny the petition. In fact, it would be its duty to do so to prevent the illegal creation of a city or to prevent the useless expense of holding an election to create a city that was subject to being ousted by a writ of quo warranto. *Accord*

*State ex rel Boone v. Jackson County*, 541 S.W.2d at 316.

The judgment of the circuit court is affirmed.

CRIST and STEPHAN, JJ., concur.

