STATE of Missouri, ex inf., Kerry ROWDEN, Prosecuting Attorney ex rel. CITY OF OSAGE BEACH, Missouri, Relators–Respondents,

v.

**PURPORTED VILLAGE OF KAISER, Missouri, et al., Respondents–Appellants.**

No. WD 47683.

Missouri Court of Appeals, Western District.

Dec. 7, 1993.

---

**3.** All citations to the City of Hugo's zoning ordi-    nance will be omitted.

Thomas A. Krause, Curran and Clifford, Osage Beach, for respondents-appellants.

Rexford H. Caruthers, St. Louis, Warren A. Donaldson, Lake Ozark, for relators-respondents.

Before TURNAGE, C.J., and ULRICH and ELLIS, JJ.

TURNAGE, Chief Judge.

Kerry Rowden, Prosecuting Attorney of Miller County filed a Petition in Quo Warranto seeking to have declared void an order of the County Commission of Miller County which purported to incorporate the Village of Kaiser. The court entered judgment declaring the purported incorporation void and ousted the trustees who had been appointed for the Village. The Purported Village and the purported trustees thereof contend that the City of Osage Beach is located in Camden County and, therefore, the prohibition of § 72.130, RSMo 1986, against the incorporation of a village or city within two miles of the city limits of another city does not apply. Affirmed.

The facts are not in dispute. The City of Osage Beach was incorporated in Camden County in May 1959. Thereafter, the city annexed land located in Miller County.

In October 1992 the County Commission of Miller County ordered that an unincorporated area in that county known as Kaiser be incorporated as a village. All of the land included within the Purported Village of Kaiser is within two miles of that part of the City of Osage Beach within Miller County.

Section 72.130 provides:

**No city, town, village or other area shall be organized** within any county of the first class not having a charter form of government, or within any county of the second, third or fourth class within this state **under and by virtue of any law thereof, adjacent to or within two miles of the limits of any city of the first, second, third or fourth class** or any constitutional charter city, **unless the city, town, village or other area be in a different county from the city,** except that a city, town, village or other area may be incorporated within the two-mile area if a petition signed by a number of voters equal to fifteen percent of the votes cast in the last gubernatorial election in the area proposed to be incorporated is presented to the existing city requesting that the boundaries of the existing city be extended to include the area proposed to be incorporated and if action taken thereon by the existing city is unfavorable to the petition, or if no action is taken by the existing city on the petition, then the city, town, village or other area may be incorporated after the expiration of one year from the date of the petition and upon a favorable majority vote on the question.

The court found that the order incorporating the Purported Village of Kaiser was void because the Purported Village was located within two miles of the city limits of the City of Osage Beach in Miller County.

The Purported Village contends that the prohibition of § 72.130 against incorporating a village within two miles of the city limits of another city does not apply because (1) the City of Osage Beach is located only within Camden County because that is where it was incorporated (2) or the City of Osage Beach is located only in Camden County because a portion of the land comprising such city is within Camden County.

The Purported Village does not give any rationale for the conclusion that the City of

Osage Beach is located in Camden County because the city was incorporated in that county. No authority is cited for that proposition and none has been located. The Purported Village admits that Osage Beach extended into Miller County so that the city was located in both Camden and Miller Counties. Nor does the Purported Village give a basis for its conclusion that Osage Beach is located only in Camden County because it includes land located in Camden County. That argument completely ignores the fact that Osage Beach also includes land in Miller County. By virtue of including land in both Camden and Miller Counties, Osage Beach is located in both Camden and Miller Counties. By no stretch of the imagination can it be said that Osage Beach is located in only Camden County.

The prohibition of § 72.130 does not apply if the area to be incorporated is in a different county from the city. Because Osage Beach is located in both Camden and Miller Counties, the city limits are located in both counties. Thus the Purported Village of Kaiser is not in a different county from the City of Osage Beach because Osage Beach and the Purported Village are both within Miller County.

The Purported Village also makes an argument that to prohibit the incorporation of the Village under § 72.130 would deprive the County Commission of Miller County of the right to incorporate villages within its county. Section 72.130 specifically states that no area shall be organized within the state "under and by virtue of any law thereof" if the area is within two miles of the city limits of a city. The legislature has specifically taken away the power of the County Commission of Miller County to incorporate an area within two miles of the city limits of a city located in Miller County unless the procedure outlined in § 72.130 is followed.

The purpose of § 72.130 was stated in *State ex rel. City of Perryville v. Pickle*, 564 S.W.2d 905, 908[2] (Mo. banc 1978), to slow down "the rate of incorporations of small municipalities lying very close to existing cities...." The Court pointed out that the statute does not prohibit such incorporations but does require certain steps to be taken before an area can be incorporated within the two mile limit. The Court stated:

> That this may be frustrating to developers and delay or forestall their efforts to incorporate a subdivision was probably intended. The fact that individuals living in subdivisions (villages) in unincorporated areas may also be somewhat frustrated or delayed in satisfying their desires to "have a town of their own" must be tolerated in view of the public policy of the state as set forth by the legislature in sec. 72.130 which has the overall public purpose of encouraging an orderly municipal growth and expansion by discouraging a patchwork pattern of small municipalities, few of which can or will provide municipal services to the residents.

*Id.*

Under the holding in *Pickle* stating the purpose of § 72.130, and under the plain provisions of that section, the County Commission of Miller County had no authority to incorporate an area within two miles of the city limits of the City of Osage Beach in Miller County. Those desiring to incorporate the Village of Kaiser must follow the provisions of § 72.130.

The court correctly found the purported incorporation to be void. The judgment is affirmed.

All concur.