**ST. LOUIS COUNTY, Missouri, Plaintiff-Appellant,**

**v.**

**VILLAGE OF PEERLESS PARK, Missouri and Ruben Geller, et al., Intervenors-Defendants-Respondents.**

**No. 50711.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 27, 1987.

Motion for Rehearing and/or Transfer Denied March 4, 1987.

Application to Transfer Denied April 14, 1987.

Andrew J. Minardi and Cynthia Garnholz, Asst. Co. Counselors, Clayton, for St. Louis County.

Robert K. Spalding, Ballwin, for Peerless Park.

Shulamith Simon, St. Louis, for Geller, et al.

PUDLOWSKI, Presiding Judge.

Saint Louis County appeals from the judgment of the Saint Louis County Circuit Court awarding summary judgment to the Village of Peerless Park and Intervenors in an action by the County to challenge the annexation by Peerless Park of three separate parcels of land in a previously unincorporated area of Saint Louis County contiguous to Peerless Park. The intervenors are alleged to be the owners of one of the three parcels. They were allowed to intervene as a matter of right, pursuant to Missouri Supreme Court Rule 52.12(a). The intervenors sought to be governed by the zoning and development regulations of Peerless Park. The judgment is affirmed.

Saint Louis County alleges that the trial court erred in four respects. First, the County contends that Peerless Park failed to follow the procedures for annexing property which are set out in Sections 71.015 and 71.860 to 71.920 [1] and proceeded only under Section 71.012, despite the fact that the County allegedly foreclosed this method by filing an objection under 71.012.2(3). Secondly, the County contends that there were material issues of fact in dispute with regard to whether Peerless Park Ordinance 1–1985, by which Peerless Park purported to annex the area, was validly passed by the Peerless Park Board of Trustees pursuant to Section 71.012. County also alleges that the trial court erred in failing to grant a temporary restraining order to prevent Peerless Park from taking any action as the governing body of the allegedly annexed area. County's final contention is that intervention was inappropriately allowed.

[1]. The following are the citations of the statutes involved: § 71.012 RSMo Cum.Supp.1984; § 71.015 RSMo Cum.Supp.1984; § 71.860 RSMo 1978; § 71.870 RSMo Cum.Supp.1984;

Section 71.012 provides for a so-called petition method of annexation. The statute prior to its amendment in 1986 stated:

1. Notwithstanding the provisions of sections 71.015 and 71.860 to 71.920, the governing body of any municipality may annex unincorporated areas which are contiguous to the existing corporate limits of the municipality as provided in this section.

2. (1) When a verified petition, requesting annexation and signed by the owners of all fee interests of record in all tracts of real property located within the area proposed to be annexed, is presented to the governing body of the municipality, the governing body shall hold a public hearing concerning the matter not less than fourteen nor more than sixty days after the petition is received, and the hearing shall be held not less than seven days after notice of the hearing is published in newspapers of general circulation qualified to publish legal matters.

(2) At the public hearing any interested person, corporation or political subdivision may present evidence regarding the proposed annexation. If, after holding the hearing, the governing body of the municipality determines that the annexation is reasonable and necessary to the proper development of said city, and the city has the ability to furnish normal municipal services to the area to be annexed within a reasonable time, it may, subject to the provisions of subdivision (3) of this subsection, annex the territory by ordinance without further action.

(3) If a written objection to the proposed annexation is filed with the governing body of the municipality not later than seven days after the public hearing, the provisions of sections 71.015 and 71.920, shall be followed.

3. If no objection is filed, the municipality shall extend its limits by ordinance to include such territory, specifying with accuracy the new boundary lines to

§ 71.880 RSMo Cum.Supp.1984; § 71.900 RSMo 1978; § 71.910 RSMo 1978; and § 71.920 RSMo Cum.Supp.1984

which the municipality's limits are extended. Upon duly enacting such annexation ordinance, the municipality shall cause three certified copies of the same to be filed with the clerk of the county wherein the municipality is located, whereupon the annexation shall be complete and final and thereafter all courts of this state shall take judicial notice of the limits of that municipality as so extended.

4. Notwithstanding the provisions of subsections 1, 2, and 3 of this section, no such annexation shall become effective as to any city with a constitutional charter until there has been an affirmative vote of the electors on such annexation under the provisions of section 20 of article VI of the Missouri Constitution.

The statute allows all of the property owners in unincorporated areas to join together to petition to become a part of a bordering incorporated area. Once the petition is filed, the governing body of the municipality must hold a public hearing to determine whether or not an ordinance annexing the properties described in the petition should be passed. Any person, corporation, or political subdivision may appear at the public hearing. The question raised by the County here is who may make a formal written objection under subsection 2.3.

The owners of the property in the area to be annexed filed two verified petitions on December 11, 1984. We note, that one petition is what the statute calls for. *See, State ex rel. Nesslage v. City of Lake St. Louis,* 718 S.W.2d 214 (Mo.App.1986). On December 27, 1984 the public hearing on the petitions required by the statute was held. In a letter, dated that same day, Gene McNary, St. Louis County Supervisor, informed the members of the Peerless Park Board of Trustees that: "St. Louis County, Missouri, pursuant to Section 71.-012 RSMo Cum.Supp.1983, objects to the three annexations pending before the Board of Trustees by virtue of verified petitions for annexations received by the Board of Trustees on December 11, 1984," the legal descriptions of which were fully given in an exhibit attached to the letter.

County's argument is that the letter was a written objection which made it impossible for Peerless Park to perform a legal annexation under 71.012.

Peerless Park admits that it proceeded only under Section 71.012, but it contends that St. Louis County does not have standing to make an objection, and it cites *City of Town and Country v. St. Louis County,* 657 S.W.2d 598, a 1983 Missouri Supreme Court en banc decision for this proposition. The *Town and Country* decision made it clear that counties were no longer intended by the General Assembly under its current annexation statutes to have a veto power over annexations.

■ Clearly, St. Louis County had standing to present evidence at the hearing, because counties are political subdivisions of the state; and any political subdivision, under subsection 2.2 has the authority to appear and present its position. *See Miller v. Ste. Genevieve County,* 358 S.W.2d 28, 30 (Mo.1962). The issue is whether County had standing, under the provisions of subsection 2.3, to make a formal written objection to the annexation proceedings.

The statute as it existed prior to its amendment in June of 1986 was equivocal on this point. However, § 71.012.2(3) was amended in June of 1986, while this appeal was pending, to provide:

(3) *If a written objection* to the proposed annexation *is filed* with the governing body of the city, town, or village not later than fourteen days after the public hearing *by at least two percent of the qualified voters of the city, town, or village or at least eight qualified voters of the city, town, or village, whichever is the lesser of the two figures, or two qualified voters of the area sought to be annexed if the same contains two qualified voters, the provisions of sections 71.015 and 71.860 to 71.920 shall be followed.*

*See* Section 71.012 V.A.M.S.Supp.1987 (emphasis added).

While the 1986 amendments were clearly not a part of the statute in 1984, the issue presented by the County is one of statutory

interpretation which in fact means interpretation of the General Assembly's intent, and the General Assembly has rather precisely clarified its intent that counties not be able to object.

■ Since the amendment, Peerless Park has moved to have County's appeal dismissed. Where an amendment changes the statute on which the litigants rely to define their rights in such a way that the appeal in effect presents only hypothetical questions, this court may dismiss the appeal as moot. This is the case even though the amendment followed the appeal. *See Grogan v. Hays,* 639 S.W.2d 875, 878–879 (Mo. App.1982).

Peerless Park is correct that even if we held that the General Assembly's 1986 amendment to subsection 2.3 did not relate to its original intent, the resolution of the question raised by the County would have little practical significance. Even if we held that the annexation could not have been performed under § 71.012 in 1984, because of the County's objection, Peerless Park could proceed under the current statute to use the petition method to annex the area involved. Only issues such as revenues collected during the intervening period keep this case alive and convince us to deny the motion to dismiss and rule the point.

■ The *Town and Country* decision, *supra,* noted that in revising the annexation statutes over the past few years, the legislature has sought to reduce the influence of county governments in matters involving annexations. This, coupled with the timing and nature of the 1986 amendment convince this court that the amendment was meant in part to reflect on and clarify the General Assembly's original intent that counties not be able to object under § 71.012.2(3). Therefore, we hold that the trial court did not err in finding that Saint Louis County was not a qualified objector.

We next address County's contention that there were material issues of fact with regard to whether or not Ordinance 1–1985 was validly passed by the Peerless Park Board of Trustees in accord with § 71.012 RSMo Supp.1984 and § 80.010 RSMo 1878, and that therefore the granting of complete summary judgment was error. However, County fails to recognize that even if we accept that there were unresolved issues of material fact with regard to the passage of the ordinance, this did not preclude the granting of summary judgment because County failed to demonstrate that it had standing to contest the validity of the ordinance.

■ A party has the right to challenge the validity of an ordinance only if he is given that right by statute or another applicable ordinance or if he can demonstrate that he is directly and adversely affected by the ordinance. *See, State ex rel. City of St. Louis v. Litz,* 653 S.W.2d 703, 706 (Mo.App.1983) and Rule 87.02. County's only contention that it is adversely affected relate to loss of revenue and loss of power to control development. Neither is adequate to confer standing on the County.

With regard to the issue of loss of revenue County has failed to demonstrate that the loss has led to any adverse impact. The tax revenues formerly received from the annexed area were used to provide services to the annexed area that are now being provided by Peerless Park. The County's loss of revenue is therefore not an actual loss at all because the County has failed to demonstrate that the loss of revenue has not been offset by a decline in the need for County services and a consequent decline in costs to County.

■ The County also cannot base standing on a loss of power. As noted in *Town and Country, supra* at 606, governments exist to serve their citizens and not to conserve their own power. The fee owners in the annexed area chose to be governed by Peerless Park. The County's power over the area existed for the benefit of those owners and not for the benefit of the County's power base. We therefore refuse to find that the County's loss of power over the area constituted a sufficient direct adverse effect on its rights, status or other legal relations to constitute a ground for standing.

**410**

We also note that two of County's alleged issues of fact are not issues of fact for a court to consider even if presented by a party with standing. County contends that there was a disputed issue of fact with regard to whether the annexations were reasonable and necessary. Section 71.012 clearly leaves the issues of reasonableness and necessity to the governing body of the annexing incorporated area. That body's determination is final and, under the statute, cannot be "second-guessed" by a court.

County also contends that Ordinance 1–1985 included publicly held land, such as roadways for which no fee owner signed a petition for annexation. Almost any annexation will logically include some property, such as roadways, not covered by a fee interest. Recognizing this fact, the General Assembly provided in § 71.012 that an area could be annexed through the petition method so long as the verified petition requesting annexation was signed "by the owners of all fee interests of record in all tracts of real property located within the area." The wording clearly indicates that the area can include real property not covered by a fee interest, such as public property. No signature on the petition is required to allow for the annexation of this type of contiguous property.

We next address the issue of whether the trial court abused its discretion in failing to grant a temporary restraining order to the County. The purpose of a temporary restraining order and its general successor, a preliminary injunction, under Rule 92.02 is to preserve the status quo until the merits of plaintiffs claim have been resolved. Since the merits of plaintiff's claim have now been resolved, this is no longer a live issue. *See, State v. Public Service Commission*, 472 S.W.2d 24, 28 (Mo.App.1971). We also find nothing in the record before us to indicate an abuse of the trial court's discretion.

That leaves this court with County's final contention, that intervention was inappropriately granted. Since a final judgment has been entered based on the standing issue, intervention clearly led to no prejudice to County and since a final judgment has been entered, the decision to allow the intervenors to participate is no longer alive.

The judgment is affirmed.

CRANDALL and KAROHL, JJ., concur.