CITY OF BRIDGETON, Respondent,

v.

FORD MOTOR CREDIT COMPANY, Respondent,

and

St. Louis County, Missouri, Appellant.

CITY OF CREVE COEUR, Respondent,

v.

GENERAL AMERICAN LIFE INSURANCE CO., et al., Respondents,

and

St. Louis County, Missouri, Appellant.

Nos. 71740, 71948.

Supreme Court of Missouri, En Banc.

April 17, 1990.

Thomas W. Wehrle, St. Louis County Counselor, Lisa R. Rathner, Asst. County Counselor, Andrew J. Minardi, Associate County Counselor, Clayton, for appellant.

William A. Richter, Matthew D. Menghini, Mark Packer, David C. Mason, Shulamith Simon, St. Louis, for respondents.

Robert C. Jones, Robert E. Jones, St. Louis, for amicus curiae St. Louis County Mun. League.

COVINGTON, Judge.

The Circuit Court of St. Louis County granted the respondent cities' requests for declaratory judgments authorizing annexation by the City of Bridgeton and the City of Creve Coeur of unincorporated territories in St. Louis County. The Missouri Court of Appeals, Eastern District, reversed the circuit court in the City of Bridgeton case. This Court granted transfer. In the City of Creve Coeur matter, transfer was granted prior to opinion. The appeals are consolidated because of common issues of law and fact. The trial court's judgment authorizing annexation of tracts 5 and 6 in the City of Creve Coeur case is affirmed. Finding the trial court to be otherwise without jurisdiction in the City of Creve Coeur case and entirely without jurisdiction as to the City of Bridgeton's proposed annexation, this Court vacates the remainder of the judgment in the City of Creve Coeur case, vacates in entirety the judgment in the case of the City of Bridgeton, and orders both dismissed.

The City of Bridgeton sought to annex an area in the County of St. Louis commonly referred to as Earth City. Respondent Bridgeton complied with statutory steps pursuant to § 71.015, RSMo 1986[1], and then held separate elections in the City and Earth City. In the City the vote was 4725 for annexation and 769 against. In Earth City the vote was 0–0. Bridgeton then filed its petition for declaratory judgment

1. All statutory references herein are to RSMo 1986 unless otherwise indicated.

to effectuate the annexation. The trial court upheld the annexation. St. Louis County appealed.

Respondent Creve Coeur undertook similar process to annex seven tracts of land located in the County of St. Louis. The vote in the City and in each tract of land was as follows:

|  | Vote in the City | | Vote in the area sought to be annexed | |
|  | For | Against | For | Against |
|---|---|---|---|---|
| Tract 1 | 505 | 128 | 0 | 0 |
| Tract 2 | 460 | 130 | 0 | 0 |
| Tract 3 | 492 | 141 | 0 | 0 |
| Tract 4 | 478 | 134 | 6 | 16 |
| Tract 5 | 492 | 141 | 19 | 13 |
| Tract 6 | 472 | 140 | 2 | 0 |
| Tract 7 | 469 | 150 | 6 | 32 |

Following the vote, respondent Creve Coeur filed suit for declaratory judgment requesting the court to authorize its annexation of tracts 1, 2, 3, 5, and 6. The City of Creve Coeur sought no judgment with respect to tracts 4 and 7. The trial court upheld the annexation of tracts 1, 2, 3, 5, and 6. St. Louis County appealed.

St. Louis County, the appellant common to both cases, contends that the absence of voters within the areas sought to be annexed failed to establish a majority in support of the annexation in the areas sought to be annexed. The appellant also contends in both cases that the evidence did not establish that the annexation was necessary and reasonable. In the Bridgeton case, the County further asserts that Ford Motor Credit Company was not the proper defendant to represent the "inhabitants" of the area sought to be annexed. This Court agrees with appellant that failure to establish a majority in support of the annexation in the areas sought to be annexed precludes annexation in the Bridgeton matter. The question is dispositive of the Bridgeton matter. Resolution of the question is also dispositive as to the City of Creve Coeur annexation with the exception of the annexation of tracts 5 and 6, where a majority of voters favored the annexation.

## I

The issue common to both cases is whether failure to establish a majority in support of annexation in the area sought to be annexed precludes annexation by a city located within a first class constitutionally chartered county having a population of at least 500,000. Resolution of the issue requires consideration of the State of Missouri's statutory scheme of annexation, in particular, §§ 71.015, 71.015(6), and 71.870.

The fixing of municipal boundaries is a legislative function involving questions which are political in nature. The legislative action is not reviewable by the courts, unless it is arbitrary, unreasonable or violative of constitutional rights. E. McQuillin, *The Law of Municipal Corporations* § 7.03 (3rd ed. rev. 1988). "... [T]he legislature may not properly delegate to the courts the broad power to determine the political and economic expediency of an annexation, or leave to them a general discretion as to whether the public interest requires the annexation." *City of St. Joseph v. Hankinson,* 312 S.W.2d 4, 8 (Mo.1958).

The State of Missouri's general annexation statute is § 71.015; it applies to any city, town, or village not located in any first class county that has adopted a constitutional charter for its own local government. The statute added to the law of annexation the voting requirements found in subdivision (6). Under subdivision (6) a majority of the total votes cast in the municipality and a majority of the total votes in the area sought to be annexed must be in favor of the annexation. Absent a majority in the area sought to be annexed, a second election is authorized. If in the second election two-thirds of the total votes cast in both areas is in favor of the annexa-

tion, then the municipality may proceed with annexation.

Section 71.870 applies to annexation within a first class constitutionally chartered county having a population of at least 500,000. Section 71.860 states that the provisions of § 71.015 apply to annexation within such a county. Section 71.870, however, provides specifically that the legislative body of any city therein:

> ... *shall not have the power* to extend the limits of such city, town, or village by annexation of unincorporated territory adjacent to the city, town, or village in accordance with the provisions of law relating to annexation by such municipalities until the question of annexation is submitted *and is carried by a majority of the total votes cast in the city, town, or village and by a separate majority of the total votes cast in the unincorporated territory sought to be annexed.* (Emphasis added).

Section 71.870 currently applies only to St. Louis and Jackson Counties. *See Official Manual of the State of Missouri 1989–90.*

The legislature has carved other exceptions to the general annexation statute. The legislature specially provided for a method of voluntary annexation by a city, town, or village located within a county that borders a first class county with a charter form of government with a population in excess of 900,000 when requested by verified petition signed by the fee owners of record within the area sought to be annexed. § 71.014.1. Section 71.014.2 provides:

> Except as provided in subsection 1 of this section, and in addition to the applicable provisions of section 71.015, *except the voting provisions contained in subdivision (6) of section 71.015,* the legislative body of any constitutional charter city located within a county which borders a first class county with a charter form of government with a population in excess

of nine hundred thousand, proceeding as otherwise authorized by law or charter, shall not have the power to extend the limits of such city by annexation of unincorporated territory adjacent to the city in accordance with the provisions of law relating to annexation by such municipalities, until the question of annexation is submitted to *and approved by a majority of the total votes cast in the city and by a separate majority of the total votes cast in the unincorporated territory sought to be annexed.* (Emphasis added).

Section 71.014.2 eliminates from the municipality described the ability to annex solely upon the vote of the residents of the annexing municipality. Section 71.014 applies only to the City of St. Charles and possibly the City of St. Louis.[2]

Respondent City of Bridgeton contends that §§ 71.015 and 71.860–870 must be read *in pari materia* and would, thus, permit the second vote procedure under § 71.015(6). This Court disagrees. The voting provisions of §§ 71.015(6) and 71.870 are in conflict. Although the specific reference to subdivision (6) of § 71.015 found in § 71.014.2 is not made in § 71.870, the provisions of §§ 71.870 and 71.014.2 are otherwise virtually identical and remove from the residents of the municipality the power to override the opposition of the area sought to be annexed granted by subsection (6) of § 71.015. Section 71.015 is the general annexation provision; § 71.870 is a special annexation provision applicable to first class chartered counties with a population over 500,000. In *City of Kirkwood v. Allen,* 399 S.W.2d 30, 34–35 (Mo. banc 1966), this Court, finding that § 71.870 altered the order of the general annexation provisions delineated in § 71.015 by requiring the elections prior to judicial review, observed:

> Where a "specific" act applying to only one class of cities is enacted subsequent

---

**2.** St. Louis County is the only county in Missouri having a population over 900,000 and St. Charles is the only city in an adjoining county having the requisite home rule charter. *See Official Manual of the State of Missouri 1989–90.* The City of St. Louis is a home rule charter city and is also a county in and of itself. *See § 1.080, and Official Manual of the State of Missouri 1989–90.* Any area which the City of St. Louis might seek to annex would be located in St. Louis County.

to the enactment of a "general" act applying to all cities, and certain provisions of the two acts cannot be harmonized, the "specific" act will be considered an exception to the "general" act and the terms of the "specific" act will prevail. *City of Kirkwood,* 399 S.W.2d at 34. Section 71.870 is the specific provision relating to St. Louis County and the annexation actions presented here. A 0–0 vote does not provide a majority. With the exception of tracts 5 and 6 in the Creve Coeur case, there has been no majority vote achieved in the areas sought to be annexed. Bridgeton has not met the requirements to annex Earth City. Creve Coeur has not met the requirements to annex tracts 1, 2, and 3.

■ In a related argument, City of Bridgeton claims annexation is proper because two-thirds of the votes cast in the City favored annexation. Respondent relies on *State ex inf. Nesslage v. Village of Flint Hill,* 718 S.W.2d 210 (Mo.App.1986), and *State ex inf. Nesslage v. City of Lake St. Louis,* 718 S.W.2d 214 (Mo.App.1986). Both cases involved annexation exclusively under § 71.015. Although a majority was not obtained in the unincorporated territory, over two-thirds of the votes cast in the city in the initial election approved annexation. Under the voting provisions of § 71.015(6), a second election is authorized in which two-thirds of the total votes cast must favor annexation. The court held the second vote unnecessary in those circumstances. The court reasoned that the second vote would serve no public interest where the city residents alone can override the vote of the area sought to be annexed, and, in the first election, the city had approved the annexation by a two-thirds vote.

Reliance on the *Nesslage* cases is misplaced. The *Nesslage* cases rested upon the policy consideration that the public interest is not served in requiring a second election where the municipality has already voted the requisite two-thirds majority and no residents are present in the area sought to be annexed to render a negative vote. Section 71.870, however, does not premise annexation upon the desires of the municipality. The statute authorizes annexation

only when a majority vote in the area sought to be annexed is achieved. The legislative intent is clear that there are some instances in which a municipality is unable to proceed with an annexation absent the consent of the area sought to be annexed. Since only two counties are presently governed by § 71.870, St. Louis County and Jackson County, the legislature must have intended that cities within such highly urbanized counties not be permitted to annex unincorporated territory absent the consent of the area sought to be annexed. As noted, *supra,* the legislature has carved other exceptions to the general annexation statute applicable to highly urbanized areas. Annexation by a city, town or village located within a county that borders a first class county with a charter form of government with a population over 900,000 may be accomplished only by petition of all fee owners in the area sought to be annexed, § 71.014.1, or by a separate majority vote in both the annexing city and in the area sought to be annexed, § 71.014.2.

■ Also relying on the *Nesslage* cases, the City of Creve Coeur contends that the absence of affected residents in the area sought to be annexed is significant. Creve Coeur submits that a statutory requirement that persons residing within an area sought to be annexed approve the annexation is inapplicable where the territory is uninhabited. While Creve Coeur's argument in this regard is not without persuasiveness under § 71.015, it is not applicable under the construction of § 71.870 upon which the holding of this case is premised. Furthermore, the City of Creve Coeur is not foreclosed from annexing tracts 1, 2, and 3 because they are uninhabited. Section 71.012 authorizes annexation by petition of all fee owners of record in areas seeking to be annexed, subject to certain conditions set forth in the statute.

The voting provisions contained in § 71.015(6) do not apply to annexation by a city located within a first class constitutionally chartered county having a population of at least 500,000. Section 71.870 *is* the sole voting provision applicable. The City

of Bridgeton failed to obtain the required majority in the area it sought to annex. The City of Creve Coeur failed to obtain the required majority in tracts 1, 2, and 3. As a consequence, both were without authority to seek judicial review, *see City of Kirkwood v. Allen, supra,* and the trial court was without jurisdiction to authorize annexation. The judgments, with the exception of Creve Coeur's annexation action as it affects tracts 5 and 6, are vacated and the causes ordered dismissed.

## II

■ Appellant St. Louis County claims respondent City of Creve Coeur has unlawfully gerrymandered the tracts of land sought to be annexed. Only tracts 5 and 6 remain in issue.

The County contends that tracts 3, 4, and 5 logically should have been one tract, but the City gerrymandered the tracts to prevent the voters in tract 4 from defeating the annexation of tract 3. This allegation has no bearing on tract 5 and, further, no evidence of impropriety in the composition of tract 5 was presented at trial.

Substantial evidence was presented at trial concerning the platting of tracts 6 and 7. The County contends that the City gerrymandered these tracts to achieve a 0–0 vote in tract 6. This contention was made even while the County argued that a 0–0 vote prevents annexation. The vote subsequent to the platting of tract 6 revealed two voters, both of whom voted in favor of annexation. The record reflects that tract 6 is comprised largely of light industrial, commercial, and office development. Tract 7 is largely residential. Upon contemplation of annexation, City officials contacted property owners in tract 6 and residents in tract 7. Property owners in tract 6 expressed a desire for annexation; residents of tract 7 were disinterested. Based on this knowledge, the City platted the tracts to allow both segments a voice in the vote. In all respects appellant's argument in support of its point is premised on speculation and is without support in the record. The contention as presented is without merit.

## III

In the City of Creve Coeur case, a majority of voters in tract 5 and tract 6 voted in favor of annexation. In these circumstances, § 71.015(5)(b) authorizes the trial court to determine whether proposed annexations are "reasonable and necessary to the proper development of the city, town, or village...." The trial court found the annexation of tracts 5 and 6 to be proper. The County of St. Louis contends the annexation is not reasonable and necessary.

■ The County is without standing to challenge the annexation of tracts 5 and 6 on the grounds of reasonableness and necessity. A party has standing to challenge the validity of an ordinance only if standing is conferred by statute or another applicable ordinance or if the party can demonstrate that he is directly and adversely affected by the ordinance. *Barhorst v. City of St. Louis,* 423 S.W.2d 843, 851 (Mo. banc 1967), and *Rule 87.02(a).* The government exists to serve the interests of the residents therein, not to compete with other municipalities perhaps to the residents' detriment and against their will. *City of Town and Country v. St. Louis County,* 657 S.W.2d 598, 606 (Mo. banc 1983). St. Louis County asserts no cognizable claim that it is adversely affected as a result of annexation of tracts 5 and 6; the County merely contends that Creve Coeur's proposed annexation is motivated by greed.

A claim by the County of injury from loss of revenue does not invoke standing. In *St. Louis County v. Village of Peerless Park,* 726 S.W.2d 405 (Mo.App.1987), the court found St. Louis County to be without standing to challenge an annexation proceeding under § 71.012 on the basis of loss of revenue:

> The tax revenues formerly received from the annexed area were used to provide services to the annexed area that are now being provided by Peerless Park. The County's loss of revenue is therefore not an actual loss at all because the County has failed to demonstrate that the loss of revenue has not been offset by a decline in the need for County ser-

vices and a consequent decline in costs to the County.

*Id.* at 409.

In *Peerless Park* the court expanded on this Court's reasoning in *Town and Country,* finding that the legislature intended to reduce the influence of the County in annexation matters by giving affected residents the right to vote on proposed annexations. *Id.* at 409. The affected residents weigh the factors for and against annexation and represent their own interests at the ballot box. *Town and Country,* 657 S.W.2d at 605. Whatever power the County may have had over the area existed for the benefit of the property owners, not for the benefit of the County's power base. *Peerless Park,* 726 S.W.2d at 409, *citing, Town and Country,* 657 S.W.2d at 606. The County's challenge is dismissed.

The judgment in the City of Bridgeton case is vacated and the cause dismissed. In the City of Creve Coeur action, the judgment as it affects tracts 5 and 6 is affirmed; the judgment affecting tracts 1, 2, and 3 is vacated and the cause dismissed.

ROBERTSON, RENDLEN, HIGGINS, BILLINGS and HOLSTEIN, JJ., concur.

BLACKMAR, C.J., concurs in part and dissents in part in separate opinion filed.

BLACKMAR, Chief Justice, concurring in part and dissenting in part.

Missouri has always considered annexation an essential part of the law of municipal corporations. Annexation permits orderly growth and is also important in the implementation of the municipal police power, which may be seriously impacted by adjoining areas which are free from municipal control. There has not always been agreement about whether the inhabitants

of an area proposed to be annexed should have a voice in a proposed annexation, and statutes have prescribed different solutions for different areas. But the law has historically provided means for annexation of all unincorporated territory.

The Court now comes to the surprising conclusion that our annexation statutes, in the form in which they were adopted in 1963, were incomplete, and that there was no provision in that law for the annexation of unpopulated areas in Saint Louis County (and now, because of intervening changes, in Jackson County). If the language provides no alternative then of course we are bound, but statutes should not be construed so as to reach a result so manifestly undesirable unless the language is compelling. I conclude that the statutes, properly construed, permit all of the annexations now before us.

The governing statutes were not enacted as a part of a comprehensive code. The basic statute, § 71.015, RSMo 1986, (known, in its initial form, as the "Sawyers Act"),[1] now excludes cities "in any first class county which has adopted a constitutional charter ...," and so excluded St. Louis County and, since January 1, 1973, Jackson County.

Sections 71.860 and 71.870, RSMo 1986, were initially enacted in 1963, and at that time had specific application only to St. Louis County, it then being the only first class county which had adopted a charter for its governance. The effect of 71.860, with an exception not material here, is to incorporate § 71.015 by reference into the statutory provisions governing "First Class Charter Counties."

Section 71.870 applies to annexations in first class chartered counties having more than 500,000 inhabitants.[2] It requires an

1. 1953 Mo. Laws 309.

2. The difference in coverage between 71.860, which applies to all first class chartered counties, and 71.870, which applies only to those having more than 500,000 inhabitants, is interesting but not significant except to demonstrate the patchwork pattern of the annexation statutes. St. Louis County and Jackson County meet both specifications. No other counties

meet either. The population requirement in 71.870 was not part of the original legislation in 1963. It was added by an amendment in 1980. The effect of the amendment would be to exclude from the coverage of 71.870 (and hence the separate majorities requirement) any other first class county which might see fit to adopt a charter, and to provide that annexations in such counties should proceed under 71.015 as incorporated into 71.860. Presently Clay, St. Charles

election both in the annexing municipality and in the area to be annexed, with separate majorities required in each. No problem is presented as to populated areas. The principal opinion, however, reads § 71.870 as saying, "if there are no voters in the area proposed to be annexed, there may be no annexation." The statute does not say this, and should not be construed as imposing a requirement which has never been a part of annexation law before. The section should not be read as applying to a situation which is impossible under its terms. This is especially so when the result is wholly undesirable and the statutes admit of an alternate construction.

The principal opinion observes that annexation of uninhabited areas is not wholly prohibited, pointing to § 71.012, RSMo 1986, which provides for annexation by petition of *all* of the owners of fee interests in the area sought to be annexed. That section was first enacted in 1976. I firmly believe that the 1963 legislature had no intention of foreclosing the annexation of uninhabited land in the first class counties of the state. The 1976 enactment, in my view, was not intended so much to fill a gap as to establish a simple consensual procedure for the annexation of tracts adjoining a municipality when the owners desired annexation. The section is not limited to the annexation of uninhabited land. Annexation has never been dependent on the unanimous consent of the owners, especially when the owners are absentees. Nor would the adoption of § 71.012 change my preferred construction of § 71.860.

The principal opinion also discusses § 71.014.2, adopted in 1984. It applies to St. Charles County and possibly to the City of St. Louis. I cannot see how it is helpful in construing the statute now before us.

There is no indication that the legislature, in adopting the 1976 amendment, focused on the problem now before us. The effect of my preferred construction would be to allow the annexation of unpopulated

areas to proceed in accordance with § 71.860, incorporating § 71.015, free from the requirements of § 71.870. By virtue of the cases construing § 71.015, no second election would be required in an area which has no voters.[3] The propriety of the annexation would be assured by means of the carefully devised protections of § 71.015.

We better serve the legislative purpose by probing the entire pattern of the annexation statutes with their purpose in mind. I find a purpose of providing for annexation of unincorporated territory, whether populated or not. The need for annexation may be all the more compelling when the adjoining tract is unpopulated. I cannot believe that the legislature deliberately made no provision for this situation. Under the circumstances it is better to adopt a permissible construction which would not forbid annexation than to point to the statutory lacunae and buck the entire matter back to the legislature.

I also question the statement in the principal opinion that "the County is without standing to challenge the annexation of tracts 5 and 6 on grounds of reasonableness and necessity." This statement seems to me to be contrary to the statement in *City of Town and Country v. St. Louis County,* 657 S.W.2d 598, 606 (Mo. banc 1983), as follows:

The County was permitted to intervene and present its position; the issues thus raised were resolved in favor of the City....

The County complains also of an asserted loss of revenue and zoning control as a result of annexation. This is not an overriding issue; and questions of reasonableness as to transfers of responsibility were resolved by the trial judge. Similarly, the related charge made by all appellants that the annexations are motivated by an 'unseemly' tax grab and race for land was addressed and resolved by the trial judge.

and Greene Counties are first class counties without charter government.

3. *State ex inf. Nesslage v. Village of Flint Hill,* 718 S.W.2d 210 (Mo.App.1986); *State ex inf. Nesslage v. City of Lake St. Louis,* 718 S.W.2d 214 (Mo.App.1986).

This excerpt suggests not that the county lacked standing in that case, but that its complaints were heard on the merits and resolved against it. Such a holding is consistent with the approach of *St. Louis County v. Village of Champ*, 438 S.W.2d 205 (Mo. banc 1969). *St. Louis County v. Village of Peerless Park*, 726 S.W.2d 405 (Mo.App.1987), addresses a voluntary annexation under 71.012 and is inapposite. To the extent that it holds to the contrary on the issue of standing, I would not follow it.

I am persuaded nevertheless that the challenges to the annexation of Tracts 5 and 6 are without merit. It is more satisfactory to resolve the problem on the merits than to base our decision on lack of standing.

The judgments in both cases are amply supported by the evidence. I would affirm them in their entirety.