**BATTLEFIELD FIRE PROTECTION DISTRICT, Appellant,**

v.

**CITY OF SPRINGFIELD and Scott Payne, Respondents.**

No. 79263.

Supreme Court of Missouri,
En Banc.

Feb. 25, 1997.

As Modified on Denial of Rehearing
March 25, 1997.

Mathew W. Placzek, David E. Overby, Springfield, for Appellant.

Nancy K. Yendes, Springfield, for City of Springfield.

Theodore L. Johnson, III, Thomas M. Benson, Springfield, for Scott Payne.

LIMBAUGH, Judge.

Battlefield Fire Protection District ("Battlefield") appeals the trial court's dismissal of Battlefield's actions against the City of Springfield and Scott Payne, the Collector of Revenue for Greene County ("County Collector"), upon Springfield's and the County Collector's motions to dismiss. Battlefield's action against Springfield sought a declaratory judgment that Springfield's annexation of certain property in Greene County, Missouri did not follow proper procedures under § 71.012, RSMo 1994, and therefore the property remains under Battlefield's jurisdiction. Battlefield's action against the County Collector requests that he be enjoined from distributing tax revenue collected from the property in question to any entity other than Battlefield. After a panel of the Court of Appeals, Southern District, reversed the trial court, this Court granted transfer to address the question of Battlefield's standing to contest the annexation. We now affirm the judgment of the trial court.

In 1990, a residential subdivision called National Place was developed on the edge of Springfield. Part of National Place was in the city proper, and part in Greene County only. The part that lay in Greene County only was in the Battlefield Fire Protection

District. The developer of National Place inserted into all buyers' deeds a restrictive covenant in which the buyer irrevocably agreed to future annexation by Springfield. Not coincidentally, Springfield agreed to provide sewer service for the development. In June 1994, the developer filed with Springfield a petition for annexation of National Place. With this petition the developer avowed that he was the lawful representative and agent of all fee owners of real property in the area to be annexed.

The Springfield City Council held a public hearing concerning the annexation on October 17, 1994, and on the same day passed an ordinance purporting to annex the property under § 71.012, RSMo 1994, pertaining to voluntary annexations. Section 71.012 provides a mechanism for voters of either the annexed area or the annexing area to object to annexation, but no one did. Battlefield, however, facing the loss of tax revenue from the annexed property, filed this action. The specific ground on which Battlefield sought to invalidate the annexation and enjoin the County Collector is that the petition presented by the developer was not signed by the owners of all fee interests of record in the area, as § 71.012.2(1) requires. In sustaining the defendants' motions to dismiss, the trial court held that Battlefield did not have standing as to Count I, and did not state a claim upon which relief could be granted in Count II.

■■■ When seeking declaratory or injunctive relief, the criterion for standing is whether the plaintiff has a legally protectable interest at stake. *Phillips v. Missouri Dep't of Social Servs. Child Support Enforcement Division,* 723 S.W.2d 2, 4 (Mo. banc 1987). In the context of an annexation ordinance, this legally protectable interest arises only if it is conferred by statute or if the plaintiff can demonstrate that it is directly and adversely affected by the ordinance. *City of Bridgeton v. Ford Motor Credit Co.,* 788 S.W.2d 285, 290 (Mo. banc 1990). An annexation ordinance that causes a loss of tax revenue to a political subdivision does not directly and adversely affect the political subdivision to give it standing if there is a concomitant decline in the need for the subdivision's services and a consequent decline in costs. *Id.* at 290–91.

■■ In view of these rules, and the absence of any statutory authority to bring suit, Battlefield alleges that Springfield's annexation of National Place caused a loss in tax revenue without an accompanying decline in Battlefield's costs for providing fire protection service. This allegation would be sufficient to state a claim were it not for § 321.320, RSMo 1994, which provides that whenever a city having a population of forty thousand or more inhabitants annexes an area previously lying within a fire protection district, the fire protection district no longer has the obligation to provide service to that area. Furthermore, even after the annexation, § 321.330, RSMo 1994, gives Battlefield the right to property tax revenues on real and personal property located in the annexed area at the time of annexation, although the right is limited to the amount of revenues necessary to relieve any indebtedness outstanding at the time of annexation.

Despite Battlefield's allegations to the contrary, its loss of tax revenue caused by Springfield's annexation of National Place will be offset by a decline in the need to provide fire protection services for that area, and by its ongoing ability to collect property taxes to pay past indebtedness. Thus, Battlefield has not been "directly and adversely affected" by the annexation ordinance and for that reason has no legally protectable interest. *Bridgeton,* 788 S.W.2d at 290–91. We hold, therefore, that Battlefield has no standing to bring this action against Springfield and that the action was properly dismissed. Because the action for injunctive relief against the County Collector was dependent upon the action against Springfield, it was properly dismissed as well.

The judgment of the trial court is affirmed.

BENTON, PRICE, ROBERTSON, COVINGTON and WHITE, JJ., and HOWARD, Special Judge, concur.

HOLSTEIN, C.J., not sitting.